■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DAVIS, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 16, 1977, convicting the defendant after a jury trial of the crime of robbery in the first degree, unanimously reversed, on the law, and a new trial directed. Prior to the trial of this case, a Sandoval hearing was held to determine the extent to which the defendant could be cross-examined concerning a previous criminal conviction (People v Sandoval, 34 NY2d 371). The defendant's prior criminal record consisted of a conviction for the crime of robbery in the second degree in October, 1976. The court ruled that at trial the defendant could not be cross-examined about that crime. In view of the similarity to the crime for which defendant was presently being charged, and the prejudice attendant upon the defendant's case by tending to show that the defendant had a propensity to commit the type of crime for which he was on trial, the ruling of the court was proper (People v McKinney, 24 NY2d 180; People v Branch, 34 AD2d 541, affd 27 NY2d 834). Defense counsel, in reliance upon this ruling, developed the cross-examina-

tion of the People's witnesses in a manner clearly preparatory to defendant's taking the stand and explaining his version of the occurrence. The complainant testified that the defendant, together with an accomplice, had asked the complainant for a match. While he paused to check his pockets, the two men pushed the victim into his apartment. Defendant held a knife to the complainant's neck while the accomplice searched for money. The complainant was then tied to his bed, shaving cream and cologne were thrown in his eyes, and he was hit with a bottle. The robbers then left. On cross-examination, defense counsel began to develop his theory of the case; namely, that the defendant had been invited into the complainant's apartment to pose as a nude model; that the defendant refused; and then the complainant threatened to call the police and claim that a robbery had occurred. It was after cross-examination of the complaining witness that the court changed its *Sandoval* ruling and stated that the District Attorney would be permitted on cross-examination of the defendant, as a test of defendant's credibility, to inquire if defendant had been convicted of a felony involving theft or attempted theft of property. Counsel objected on the grounds that, had the ruling on the *Sandoval* motion been different, he would have advised against taking the stand and his opening statement and cross-examination would have been different. We note that, in our opinion, the first ruling of the court barring cross-examination regarding defendant's prior crime was correct. Furthermore, we find that under the circumstances of this case the change of the ruling of the court in midtrial, after defense counsel had committed himself to a strategy of having the defendant testify, constituted reversible error. When the new ruling of the court was made, defendant was committed to testify. If defendant did not testify, then the cross-examination and preparation of counsel would have been alluded to by the District Attorney as a "red herring" and would have severely prejudiced the defendant's case *(People v Davis,* 44 NY2d 269, 276, n 3). We do not intend by our decision in this case to imply that every error in a *Sandoval* ruling rises to the level of reversible error but, rather, that in this case the court's ruling so injured the defendant that a new trial is mandated. Concur —Birns, J. P., Evans, Lane, Yesawich and Sandler, JJ.