OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted for a new trial.
Defendant was convicted, on a jury verdict, of criminal sale of a controlled substance in the third degree and of criminal sale of a controlled substance in the sixth degree, arising out of sales to an undercover police officer on February 26 and March 6, 1975. After a pretrial hearing, the trial court granted defendant’s motion for an order precluding the prosecutor from examining defendant concerning his outstanding conviction for criminal possession of a controlled substance in the seventh degree resulting from an arrest on August 8, 1974.
On trial, before defendant took the stand, defense counsel first called one Deborah Davis, who resided in defendant’s apartment. On cross-examination the prosecutor asked several questions of Miss Davis in an apparent effort to test her credibility. The cross-examination then proceeded as follows:
"Q. Do you recall the date of August 8, 1975?
"A. No.
"Q. Anything unusual happen on that date?
"A. Nothing unusual. Same.
"Q. If I told you on August 8, 1975, Gill Williams was arrested on another charge, would that refresh your recollection?”
Defense counsel immediately objected to the question and moved for a mistrial. The prosecution contended that the material could be used for the purpose of testing the credibility of a third-party witness even if its use to impeach the *801 defendant had been precluded; defense counsel took the opposite position and stated further that he was unaware of any arrest in 1975. The prosecutor said that he had reviewed defendant’s file and that it was his recollection that the arrest was in 1975. The court cautioned: "Sir, you better be very sure that he was arrested on August 8, 1975.” On the basis of the prosecutor’s assurances the court allowed the questions and answers to stand, and instructed the jury that the testimony related solely to the issue of Miss Davis’ credibility. Again, defense counsel excepted. The court denied the motion for a mistrial.
During redirect examination of defendant the court, apparently for the first time, reviewed a copy of defendant’s arrest record and motioned counsel to the bench. It was then discovered that there had indeed been no arrest in 1975 and that the only arrest to which the prosecutor could have been referring was that on August 8, 1974, inquiry as to which had been precluded after the pretrial hearing. At this point after Miss Davis had left the stand and shortly before defendant completed his testimony the court instructed the jury that there had been no arrest on August 8, 1975.
In the circumstances we conclude that it was error to have permitted the question and that the curative instructions were insufficient to remedy the error. The carelessness of the prosecutor in initially confusing dates and then persisting in such confusion when specifically alerted by the trial court may scarcely be advanced in justification. The preclusion order, although related expressly to use of the material on examination of defendant, foreclosed inquiry with respect to the August 8, 1974 transaction on interrogation of a witness as well, as the Trial Judge perceived. Accordingly, defendant’s convictions must be set aside and the case remitted for a new trial.
In view of this conclusion and disposition we find it unnecessary to consider or reach the other contentions of error advanced on defendant’s behalf. To avoid a possible misreading of our disposition of this appeal, however, it should be noted that the arrest in this instance was followed by a conviction. This having been so, we do not address the issue whether a question as to an arrest which did not culminate in a conviction constitutes reversible error. (See Richardson, Evidence [10th ed], § 506, p 496.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
*802 Order reversed, etc.