OPINION OF THE COURT
Per Curiam.
Judgment rendered June 29, 1984 reversed, on the law, and a new trial ordered.
In this prosecution for driving while intoxicated, defendant moved prior to trial for exclusion of evidence of his prior convictions for driving while intoxicated or impaired (People v Sandoval, 34 NY2d 371). On oral argument of the application, defense counsel represented that defendant would not testify if his credibility would be impeached by use of the prior convictions. Only passing mention was made of the testimony of witnesses, and no mention made of the order in which defendant and his witnesses would testify. At the end of argument, the court ruled, properly in our view, that defen *1006 dant could not be cross-examined as to the previous criminal convictions.
Before testifying in his own defense, defendant called his business partner as a witness. The witness testified on direct examination that he had been at the office with defendant from 5:00 to 7:30 p.m. on the date in question (Feb. 17, 1983); that each had two small scotch and waters in that period; that they left together and that when defendant drove off, he was sober. The prosecutor was aware that this witness had testified in the same manner on defendant’s behalf in a prior prosecution covered by the trial court’s Sandoval ruling. For the expressed purpose of showing the witness’ bias and lack of credibility, he asked if the witness had testified about an event that occurred in February 1980 in a proceeding in which someone had been charged with driving while impaired. After objection by defense counsel (out of the jury’s presence) that permitting this line of questioning would violate the court’s Sandoval ruling, the court, reasoning that its ruling did not apply to the cross-examination of witnesses, permitted the questioning to continue. When the cross-examination of the witness was resumed, he admitted the similarity of his prior testimony for the defendant in the 1980 prosecution to his present testimony. Defendant was subsequently convicted of the offense charged.
Defendant urges on appeal that an exclusionary ruling under Sandoval applies to the cross-examination of witnesses concerning the defendant’s prior convictions as well as to the defendant himself. We agree. The trial court should not have permitted the prosecutor to accomplish indirectly through cross-examination of a witness what he was precluded from doing directly on cross-examination of the defendant himself— namely, introduce evidence of prior criminal acts tending to convey that the defendant had a propensity to commit the crime for which he was on trial (see, People v Williams, 46 NY2d 799). The cross-examination of defendant’s witness resulted in the disclosure of defendant’s prosecution for a similar offense to the one in question, effectively circumventing in midtrial the intent and purpose of the court’s Sandoval order. Under such circumstances, a new trial is warranted (People v Davis, 63 AD2d 948). In our view, the prejudice inuring to the defendant substantially outweighed the probative worth of the elicitied testimony on the issue of the defense witness’ credibility.