■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAKI KURTISH, Appellant.—Judgment of the Supreme Court, New York County (Richard Andrias, J.), rendered February 14, 1989, convicting defendant, after a jury trial, of the crimes of manslaughter in the first degree and criminal possession of a weapon in the third degree (two counts) and sentencing him to concurrent indeterminate terms of from 7 to 21 years' imprisonment on the manslaughter count and 2 to 6 years' imprisonment on the first weapon count, and 1 to 3 years' imprisonment of the remaining count, to be served consecutively to the first two terms, unanimously affirmed.

Within minutes after shots rang out inside 825 West End Avenue, the police discovered defendant inside the basement hallway. His white shirt was covered with blood, he was holding a .9 millimeter clip, and he possessed several rounds of ammunition in his pocket. In a nearby locker room, the victim, defendant's former friend and employee, lay dead as a result of several gunshot wounds. Defendant promptly volunteered to the police that a "black man" was responsible. At the trial, defendant testified he had "lied" about the "black man" out of fear, and that in actuality the decedent had ambushed him, and that the gun went off as defendant struggled to defend himself.

Defendant's exculpatory version of the incident, by no means a confession or direct acknowledgment of guilt, did not constitute direct evidence *(cf., People v Burke,* 62 NY2d 860, 861), and since there were no eyewitnesses, the prosecution's case depended solely on circumstantial evidence. *(See, People v Montanez,* 41 NY2d 53, 57.) Although the trial court failed to charge the jury on the standard to be applied in cases where the evidence is wholly circumstantial, the court's charge adequately conveyed to the jury the proper standards for evaluating the evidence that was presented. *(People v Adams,* 69 NY2d 805, 806.) The court delivered a detailed charge which, viewed as a whole, correctly advised the jury that if two inferences could be drawn from the evidence, one consistent with innocence, the jury was bound to draw the inference consistent with innocence. While the court did not tell the jury that the evidence had to exclude every reasonable hypothesis of innocence to a moral certainty, a charge which we

note, parenthetically, has been criticized by some as confusing *(see, People v Gonzalez,* 54 NY2d 729, 733 [concurring opn of Fuchsberg, J.]), the charge as a whole adequately conveyed the appropriate standard to the jury.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.