■ The People of the State of New York, Respondent, v Thomas Brown, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered January 31, 1989, convicting defendant, after a jury trial, of burglary in the second degree and sentencing him, as a second felony offender, to a term of from 5 to 10 years' imprisonment, unanimously reversed, on the law, the conviction vacated and the matter remanded to the Supreme Court for a new trial.

Where the People's case was based solely upon circumstantial evidence, viz., two fingerprints lifted from a bottle in the burglarized apartment that had previously contained approximately $100 in change *(see, People v Walker, 119 AD2d 521,*

522), the trial court erred in refusing the defense request for a circumstantial evidence charge *(People v Silva,* 69 NY2d 858, 859). Unlike *People v Kurtish* (165 AD2d 670), where the trial court failed to instruct the jury on the standard to be applied in cases where the evidence is wholly circumstantial, but gave a limited circumstantial evidence charge which adequately conveyed the appropriate standard to the jury, no such charge was given here. In remanding this case for a new trial, we leave it to the sound discretion of the trial court to decide the appropriate sanction to be imposed in light of the People's loss of the latent fingerprints *(People v Kelly,* 62 NY2d 516, 521). In view of the foregoing, it is unnecessary to reach or determine defendant's other contentions. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.