■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MOLINA, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 10, 1988, convicting defendant, after a jury trial, of grand larceny in the fourth degree and sentencing him, as a predicate felony offender, to an indeterminate prison term of from 1¾ to 3½ years, unanimously affirmed.

The prosecutor, in his summation, stated that the transit police officer's testimony was "credible and plausible", and commented that the officer was "trained" to observe criminal conduct, and was not a mere "casual observer". In the absence of objection, the present contention that the prosecutor improperly vouched for the witness's credibility is not preserved for appellate review (CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852). In any event, the record plainly indicates the prosecutor's challenged remarks were not an expression of opinion *(cf., People v Lovello,* 1 NY2d 436), but rather, a proper argument based upon the trial evidence *(People v Rodriguez,* 159 AD2d 356, *lv denied* 76 NY2d 795). Moreover, the statements were a fair response to those of defense counsel who characterized the transit officer's testimony as, among other things, inaccurate and incorrect *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Even assuming the prosecutor's comments to be improper, any error was harmless in view of the overwhelming evidence of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Defendant has also failed to preserve his argument that the court, by its charge, diminished the People's burden of proof when it stated that defendant is entitled to an inference of

nonguilt where facts proven at trial yield both inferences of guilt and nonguilt. We observe that the charge, viewed as a whole *(see, People v Kurtish,* 165 AD2d 670, *lv denied* 76 NY2d 1022), adequately conveyed the appropriate standard of proof to the jury, in that the jurors were repeatedly instructed that the People were required to prove defendant's guilt beyond a reasonable doubt. Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.