■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL BACKUS, Appellant.—Judgment, Supreme Court, New York County (Felice Shea, J.), rendered February 22, 1991, convicting defendant, after a jury trial, of two counts of robbery in the second degree and sentencing him as a second violent felony offender to concurrent terms of imprisonment of 5 to 10 years, unanimously affirmed.

Defendant contends that the trial court's response to the jury foreperson's oral request that the jury be permitted to continue its deliberations rather than be sequestered compromised his right to be tried by a jury of twelve and constituted an unduly coercive *Allen* charge in that it improperly emphasized the expense of sequestration as a reason to continue deliberations.

The point, however, is unpreserved for appellate review, since defendant did not object to either the juror's question or to the court's response (CPL 470.05 [2]). Moreover, by failing to move pursuant to CPL 440.10 for post-judgment relief, defendant has not provided a record adequate to permit review of his claim *(People v Love,* 57 NY2d 998, 1000). In any event, the trial court's decision as to whether to sequester the jury or permit them to briefly resume their deliberations was purely ministerial in nature, since it had no substantive impact on the deliberations, nor did it prevent defense counsel from participating meaningfully at trial *(cf., People v O'Rama,* 78 NY2d 270, 279; *People v Torres,* 72 NY2d 1007).

We would also note that the exchange between the court and the foreperson cannot reasonably be construed as an unduly coercive *Allen* charge that improperly rushed the jury to a hasty verdict. The court's response, merely thanking the foreperson for relating the information that the jury was close to a verdict, and allowing the jury to deliberate a while longer, was entirely proper. This is not a case where the court, confronted with a deadlocked jury, improperly emphasized expense as a reason to continue deliberations *(cf., People v Glover,* 165 AD2d 761, 763, *lv denied* 77 NY2d 877).

Defendant's contention that he was denied his right to a fair trial by the court's failure to give a circumstantial evidence charge on the issue of identity is also unpreserved, since he did not request such a charge nor object to the omission thereof (CPL 470.05 [2]; *People v Ford,* 66 NY2d 428). In any event, the court's charge, when read as a whole, conveyed to the jury the proper standards for evaluating the identification evidence that was presented at trial *(People v Adams,* 69 NY2d 805; *People v Kurtish,* 165 AD2d 670, *lv denied* 76 NY2d 1022).

Finally, whether defendant was properly sentenced as a second violent felony offender is also unpreserved, defendant having failed to controvert the allegations in the predicate felony statement *(People v Smith,* 73 NY2d 961, 962). In any event, defendant's convictions in Virginia for robbery and for use or display of a firearm in a robbery were the equivalent of New York felonies for purposes of Penal Law § 70.04, and were therefore properly used to enhance his sentence *(People v Dippolito,* 88 AD2d 211).

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas, Wallach and Smith, JJ.