■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY E. HOUSEMAN, Appellant. [616 NYS2d 304] —Judgment unanimously affirmed. Memorandum: Defendant contends that reversal is required because County Court's remarks to the jury during deliberations coerced the jury into reaching a verdict. No objection was made to the court's statements to the jury and, therefore, that issue has not been preserved for review *(see,* CPL 470.05 [2]; *People v Eske,* 185 AD2d 328). In any event, the court's instructions to the jury during deliberations advising it of the possibility of sequestration were neutral, non-coercive and proper *(see, People v Pagan,* 45 NY2d 725, 726-727; *People v Sharff,* 38 NY2d 751, 753; *People v Backus,* 184 AD2d 231, *lv denied* 80 NY2d 926).

Defendant further contends that the District Attorney's responses to his demands for discovery and a bill of particulars deprived him of due process. We conclude that there is no merit to that contention because several months before trial defendant was provided with responses to his demands for discovery and an adequate bill of particulars. Thus, the allegations of prejudice are insufficient to support the contention that defendant was denied due process of law *(see generally, People v Rosado,* 166 AD2d 544, 545, *lv denied* 77 NY2d 843).

We have reviewed defendant's remaining contentions and

find them to be without merit. (Appeal from Judgment of Orleans County Court, Punch, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.