■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CANTY, Appellant. [654 NYS2d 887] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court's supplemental instruction to the jury was coercive (*see, Allen v United States*, 164 US 492, 501-502; *People v Pagan*, 45 NY2d 725, 727). The court's charge, read in its entirety, did not coerce or compel the jury to reach a verdict (*see, People v Williams*, 210 AD2d 966, *lv denied* 85

NY2d 982; *People v Novak*, 179 AD2d 1053, *lv denied* 79 NY2d 922). Nor was it coercive for the court to inform the jury that hotel accommodations had been made and that "the reasonable thing to do" was to stay overnight unless there was "a prospect of a verdict fairly soon" (*see, People v Pagan, supra*, at 726-727; *People v Houseman*, 206 AD2d 845). Permitting the jury, at its request, to continue deliberations for an additional half hour was not an abuse of discretion (*see, People v Backus*, 184 AD2d 231, 232, *lv denied* 80 NY2d 926; *People v Bastien*, 180 AD2d 691, 692, *lv denied* 79 NY2d 997).

There is no merit to the contention of defendant that the People failed to disprove his justification defense beyond a reasonable doubt (*see*, Penal Law § 35.15 [1], [2] [a]; *People v Goetz*, 68 NY2d 96, 114-115). The proof, viewed in the light most favorable to the People, establishes that defendant was not justified in using deadly physical force against one victim or in using physical force against the other (*see, People v Alls*, 195 AD2d 952, *lv denied* 82 NY2d 890; *People v Davis*, 170 AD2d 956, *lv denied* 77 NY2d 960).

Finally, in light of the nature of the crimes, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.