THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD M. BATES, JR., Appellant. [649 NYS2d 878] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the first degree, assault in the second degree and endangering the welfare of a child. We reject the contention of defendant that the proof at trial is insufficient to corroborate his confession (*see,* CPL 60.50). The physician who examined the victim, defendant's $2^{1}/_{2}$-year-old daughter, testified that she found conditions unusual in a child of that age and consistent with penile penetration. That proof sufficiently corroborates the admission of defendant that he engaged in sexual intercourse with his daughter (*see, People v Collins,* 170 AD2d 1006, 1007, *lv denied* 77 NY2d 993).

We further conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). In addition to defendant's confession and the corroborating medical evidence, the People offered proof that, after the arrest, defendant wrote a letter to the victim and his other children apologizing for what he had done. Although defendant recanted his confession and testified that he did not have intercourse with his daughter, that created an issue of cred-

ibility for the jury (*see, People v Gruttola*, 43 NY2d 116, 122), and we see no reason to disturb the jury's determination of credibility in this case (*see, People v De Jac*, 219 AD2d 102, *lv denied* 88 NY2d 935).

Given the nature of the crime, we conclude that the sentence is neither unduly harsh nor severe (*see*, CPL 470.15 [6] [b]). The indeterminate sentence of imprisonment of 5 to 15 years imposed for assault in the second degree, however, is illegal. The maximum sentence for that offense committed before October 1, 1995 is $2^1/_3$ to 7 years (*see*, Penal Law § 70.02 [2], [4]; § 70.00 [2] [d]), and we therefore vacate the sentence imposed for assault in the second degree and resentence defendant on that count to an indeterminate term of incarceration having a maximum term of 7 years and minimum term of $2^1/_3$ years to run concurrently to the sentence imposed for rape in the first degree. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Rape, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.