■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARTINEZ, Appellant. [700 NYS2d 434] —Judgment, Supreme Court, Bronx County (John Perone, J., at hearing; Lawrence Bernstein, J., at jury trial and sentence), rendered May 21, 1997, convicting defendant of kidnapping in the second degree and robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, unanimously affirmed.

The court properly denied suppression of identification testimony. Assuming, without deciding, that the transportation of the complainant to an area very near an intersection where the investigating officers hoped defendant would be located, providing the complainant with an opportunity to make an identification, was a police-arranged procedure, we conclude that the ensuing spontaneous encounter with defendant was not a showup and was not unduly suggestive (see, People v Clark, 85 NY2d 886). As soon as he saw defendant, the complainant began staring at him and he identified defendant without undue prompting from the police. We note that defendant received a full Wade hearing (see, People v Dixon, 85 NY2d 218, 223), and we see no need for a remand for further findings (see, People v Spruill, 232 AD2d 278, lv denied 89 NY2d 946).

The court properly denied suppression of the physical evidence recovered from defendant's apartment, since the record supports an emergency basis for entry of that dwelling that led to the plain view discovery of evidence whose incriminating nature was readily apparent. The police responded to a report of a burglary and observed that the door to the apartment had been pried open and left ajar. Accordingly, the police properly entered to look for possible perpetrators or victims. Defendant's attack on the officer's motivation is speculative and we see no reason to disturb the court's determinations concerning credibility.

We perceive no abuse of sentencing discretion. Concur— Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.