■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT WILLIAMS, Appellant. [762 NYS2d 644] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 29, 1999 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and petit larceny.

Defendant was charged in an indictment with the crimes of criminal possession of a forged instrument in the second degree and petit larceny after depositing into his bank account a personal check drawn on the account of Janet Brennan and subsequently withdrawing those funds. Defendant claims that the check was given to him by Brennan in payment for remodeling work that he did on her apartment. Brennan denied giving defendant the check or that he did any repairs.

After a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to an indeterminate prison term of $3\frac{1}{2}$ to 7 years on the conviction of criminal possession of a forged instrument in the second degree and a concurrent term of one year on the petit larceny conviction. Defendant appeals, arguing that Supreme Court committed a number of errors in its procedural and evidentiary rulings. We disagree.

Initially, we reject defendant's argument that Supreme Court misapplied the *Batson* test in determining whether the People used a peremptory challenge to strike a juror on the basis of race (*see Batson v Kentucky*, 476 US 79, 94-98 [1986]).* In objecting to the peremptory challenge, defense counsel relied solely on the fact that the only African American among the first 21 members of the venire panel was challenged. As the People argue, on the record before us, this contention alone was insufficient to "make out a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the [People] excused one or more jurors for an impermissible reason" (*People v Smocum*, 99 NY2d 418, 421 [2003]; *see People v Brown*, 97 NY2d 500, 508 [2002]; *People v Jenkins*, 84 NY2d 1001, 1003 [1994]; *People v Childress*, 81 NY2d 263, 268 [1993]). Nevertheless, the issue

---

* When a peremptory challenge is made, a three-step analysis is employed in determining whether the strike is permissible. "As a first step, the moving party bears the burden of establishing a prima facie case of discrimination in the exercise of peremptory challenges. Second, the nonmoving party must give a race-neutral reason for each potential juror challenged. In step three, the court determines whether the reason[s] given [are] merely a pretext for discrimination. * * * [T]he moving party has the ultimate burden of persuading the court that the reasons are merely a pretext for intentional discrimination" (*People v Smocum*, 99 NY2d 418, 420, 422 [2003]).

of whether defendant made a prima facie showing of discrimination became "moot" when Supreme Court, instead of deciding whether defendant met his step-one burden under *Batson*, asked the People to state their reasons for striking the challenged juror (*see People v Smocum, supra* at 423). We conclude that the People then met their burden under step two of the *Batson* inquiry when they proffered a race-neutral reason for their challenge, explaining that the juror stated that she would have difficulty making a decision if the matter turned on the credibility of one witness over another (*see generally People v King*, 277 AD2d 708, 709-710 [2000], *lv denied* 96 NY2d 802 [2001]; *People v Williamson [Maleek]*, 267 AD2d 487, 488-489 [1999], *lvs denied* 94 NY2d 882, 886 [2000]). Defense counsel's response, that the juror stated that she could make such an assessment, is not supported by the record and, thus, defendant did not meet his ultimate burden of demonstrating that the People's race-neutral explanation was pretextual (*see People v Smocum, supra* at 422; *People v Allen*, 86 NY2d 101, 111 [1995]).

Defendant further argues that Supreme Court erred by permitting Brennan to testify that, in addition to a personal check, defendant took jewelry from her apartment. "Evidence of prior bad acts is admissible if it relates to a material issue of fact pertaining to the crime charged and if its probative value outweighs its prejudicial effect" (*People v Bolarinwa*, 258 AD2d 827, 829 [1999], *lv denied* 93 NY2d 1014 [1999] [citations omitted]). While evidence of uncharged crimes may not be admitted to establish a defendant's bad character or criminal propensity (*see People v Blair*, 90 NY2d 1003, 1004-1005 [1997]), it is admissible if relevant to other issues, including but not limited to "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial" (*People v Molineux*, 168 NY 264, 293 [1901]; *see People v Toland*, 284 AD2d 798, 803 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Bolarinwa, supra* at 829). Here, any prejudice to defendant was outweighed by the probative value of the testimony regarding missing jewelry, which was relevant to defendant's scheme or plan to take property from Brennan while staying at her apartment.

Defendant's argument that Supreme Court's *Allen* charge (*Allen v United States*, 164 US 492 [1896]) coerced the jury into reaching a verdict is also unavailing. The court gave the

charge in response to a note from the jury indicating that it was deadlocked after five hours of deliberations. The charge urged the jurors to reexamine the evidence and consider each other's points of view with open minds. The court stressed that the jurors should not surrender their honest convictions for the purpose of reaching a verdict. Taken as a whole, the charge was proper and cannot be considered coercive or prejudicial to defendant (*see People v Alvarez*, 86 NY2d 761, 763 [1995]; *People v Board*, 268 AD2d 795, 797 [2000]).

Finally, defendant was not deprived of a fair trial when the People addressed defendant's previous incarceration, in contravention of Supreme Court's prior *Sandoval* ruling. Supreme Court sustained objections by defense counsel to the questioning and gave prompt instructions to the jury to disregard the questions, thereby eliminating any potential prejudice to defendant (*see People v Quiller*, 298 AD2d 712, 713-714 [2002], *lv denied* 99 NY2d 618 [2003]; *cf. People v Wood*, 66 NY2d 374, 380-381 [1985]).

We have considered defendant's remaining arguments and find them to be lacking in merit.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.