■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FILMORE BURKE, Appellant. [798 NYS2d 291]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 19, 2002. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him,

upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [4]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that the evidence is legally insufficient to support the conviction of rape. We reject that contention. The People presented legally sufficient evidence, including defendant's admissions, to establish that the 21-year-old defendant engaged in sexual intercourse with the 11-year-old victim (*see People v Bates*, 233 AD2d 937 [1996]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that his right to due process was violated because the police officers who interviewed him falsely informed him that the victim had accused him of forcibly raping her. In response thereto, defendant admitted that he engaged in sexual intercourse with the victim but he asserted that it was consensual. "Admittedly, there was at least some measure of guile employed by the police," but it cannot be said that the deception induced defendant to make a false confession, nor was it so fundamentally unfair as to deny defendant his right to due process (*People v Tarsia*, 50 NY2d 1, 11 [1980]; *see generally People v Lussier*, 298 AD2d 763, 763-764 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Hall*, 152 AD2d 948 [1989], *lv denied* 74 NY2d 847 [1989]).

Defendant's contention that County Court erred in admitting evidence of flight also is without merit. " 'The limited probative force of flight evidence . . . is no reason for its exclusion' (*People v Yazum*, 13 NY2d 302, 304, *rearg denied* 15 NY2d 679), and here there was sufficient evidence of flight to warrant a charge on such evidence" (*People v Martinez*, 298 AD2d 897, 899 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963, [2003] *reh denied* 539 US 911 [2003]). Furthermore, the court gave proper limiting instructions that evidence of flight is of slight value and that there may be an innocent explanation for flight (*see id.*). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Kehoe, Smith, Lawton and Hayes, JJ.