■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. HENDERSON, Appellant. [802 NYS2d 536]—

---

Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered January 9, 2004, upon a verdict convicting defendant of two counts of the crime of forgery in the second degree.

On August 13, 2002 in the Town of East Greenbush, Rensselaer County, defendant was arrested for assault. When asked to identify himself, he told police officers that his name was Robert D.J. Henderson. At police headquarters, defendant was fingerprinted and requested to sign the fingerprint card, which he did in the name of Robert Henderson. Subsequent fingerprint analysis disclosed that the fingerprints on the card were those of defendant and not those of his brother, Robert Henderson. Consequently, defendant was indicted and charged with two counts of forgery in the second degree and false personation.*

Prior to trial, at a combined *Sandoval/Molineux* hearing, County Court ruled that should defendant testify, the People would be permitted to cross-examine him concerning his 2000 conviction for assault in the second degree and the facts underlying that assault. Additionally, County Court ruled that the People could introduce evidence on their case-in-chief concerning defendant's oral misrepresentations as to his identity, as well as the fact that defendant was on parole at the time, on the ground that such evidence was relevant to defendant's motive in forging the fingerprint card.

Following a jury trial, defendant was convicted on both counts of forgery and was sentenced, as a second felony offender, to concurrent prison terms of $3^{1}/_{2}$ to 7 years. Defendant now appeals.

Initially, defendant contends that County Court erred in its *Sandoval* ruling. We disagree. The conviction allowed by County Court's ruling for impeachment purposes was not too remote in time to be pertinent, the nature of the conviction was probative of defendant's credibility and honesty and the commission of that crime certainly does not suggest a propensity to commit the crimes for which defendant was on trial (*see People v Tirado*, 19 AD3d 712, 713 [2005]). And even if it were to be determined that the ruling was improper, any error in that regard would have to be deemed harmless, inasmuch as defendant established his intoxication defense through two other witnesses who were with him on the night in question and, thus, "the jury was not prevented from hearing critical testimony from defendant's perspective" (*People v Long*, 269 AD2d 694, 696 [2000], *lv denied* 94 NY2d 950 [2000]).

---

* Prior to trial, County Court dismissed the false personation charge.

Next, defendant contends that County Court erred in permitting the People to produce evidence that defendant made a number of misrepresentations to law enforcement officials concerning his identity prior to signing the fingerprint card and that he was on parole at the time of the alleged forgery. Again, we disagree. The evidence in question clearly was not offered to establish defendant's bad character or criminal propensity but, rather, to demonstrate his motive in misidentifying himself by way of the forgery (*see People v Williams*, 306 AD2d 691, 692 [2003], *lv denied* 1 NY3d 582 [2003]). We have considered defendant's remaining contentions and find them equally unavailing.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.