THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INTZAR HUSSAIN, Appellant. [825 NYS2d 142]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered May 25, 2004,

convicting him of rape in the first degree (two counts), attempted rape in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with multiple counts relating to five separate alleged sexual assaults against five different complainants. The Supreme Court denied the defendant's motion to sever the counts of indictment No. 3892/02 charging the defendant with crimes relating to four of the complainants and granted the People's motion to consolidate the counts charged in a second indictment relating to yet another complainant. After trial, the defendant was convicted of charges related to three of the complainants and the jury was unable to reach a verdict on the charges related to the two remaining complainants.

The charges were properly joined pursuant to CPL 200.20 (2) (b) on the ground that the defendant's modus operandi with respect to each of the sexual assaults demonstrated a distinctive pattern (see People v Mateo, 93 NY2d 327, 332 [1999]; People v Beam, 57 NY2d 241, 253 [1982]). Contrary to the defendant's contention, evidence of a distinctive modus operandi was admissible in this case, since identity was in issue at the time the motions to sever and consolidate were decided and remained an issue until the commencement of the trial, when the defendant decided to adopt a defense of consent with respect to all five complainants. The defendant argues in his brief that identity "was not a serious issue" in this case. However, unless identity is conclusively established, evidence of other crimes using the same distinctive modus operandi may be used to prove identity (see People v Beam, supra at 251).

The prosecutor's reference to the fact that the defendant relocated to Canada using a different name and date of birth was proper to demonstrate consciousness of guilt (see People v Burke, 20 AD3d 932 [2005]; People v Watts, 159 AD2d 740 [1990]; People v Miller, 123 AD2d 721 [1986]). Although the prosecutor's reference to the Montreal Police Department Sexual Assault Squad was improper, that error was harmless and therefore does not warrant reversal (see People v Crimmins, 36 NY2d 230 [1975]).

At trial, the defendant objected to certain comments by the prosecutor which constituted fair comment on the defendant's testimony at the trial and the other evidence in the record. The defendant's remaining contentions with respect to the prosecutor's summation and his contentions with respect to the trial court's instructions to the jury are unpreserved for appellate review and we decline to review those contentions in the

exercise of our interest of justice jurisdiction (see CPL 470.05 [2]). Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.