■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD A. HUNT, Appellant. [855 NYS2d 736]—

Stein, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered January 26, 2007, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Defendant was arrested for the sale of cocaine to a confidential

informant. Thereafter, defendant was charged in a three-count indictment with the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Defendant sought to have the defenses of entrapment and agency presented to the jury. County Court granted defendant's request only to the extent of instructing the jury to consider the entrapment defense with respect to counts one and two. The jury returned verdicts of guilty on all counts and defendant was sentenced to an aggregate prison term of six years. Defendant now appeals.

Defendant did not demonstrate a prima facie showing of discrimination when he raised his *Batson* objection. Defendant must show that " 'the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race' " (*People v Jenkins*, 84 NY2d 1001, 1002 [1994], quoting *People v Childress*, 81 NY2d 263, 266 [1993]; *see People v Williams*, 306 AD2d 691 [2003], *lv denied* 1 NY3d 582 [2003]). "It is not until that prima facie showing has been made that the burden shifts to the prosecution to come forward with a race-neutral explanation for its peremptory challenges" (*People v Jenkins*, 84 NY2d at 1002-1003 [citation omitted]).

Here, defendant's *Batson* challenge was based solely on the prosecution's use of a peremptory challenge to remove the only African American from the jury pool. Defendant raised no other facts or relevant circumstances to support a finding that the use of the peremptory challenge was racially motivated. Thus, County Court properly denied defendant's *Batson* challenge (*see People v Brown*, 97 NY2d 500, 507 [2002]; *People v Jenkins*, 84 NY2d at 1003; *People v Bolling*, 79 NY2d 317, 325 [1992]; *People v Williams*, 306 AD2d at 691; *People v King*, 277 AD2d 708, 708-709 [2000], *lv denied* 96 NY2d 802 [2001]).

County Court's refusal to charge the jury regarding an agency defense was also proper. "An agency defense must be submitted to the jury if any reasonable view of the evidence, considered in the light most favorable to the defendant, supports the conclusion that the defendant, in selling narcotics, was acting 'solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer' " (*People v Magee*, 263 AD2d 763, 765 [1999], quoting *People v Ortiz*, 76 NY2d 446, 449 [1990]). "[W]hether a particular defendant has acted only as an agent

for the buyer is a factual question for the jury, which may consider such factors as 'the nature and extent of the relationship between the defendant and the buyer, [which person] suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and . . . whether the defendant profited, or stood to profit, from the transaction' " (*People v Ortiz*, 76 NY2d at 449, quoting *People v Lam Lek Chong*, 45 NY2d 64, 75 [1978], *cert denied* 439 US 935 [1978]; *see People v Magee*, 263 AD2d at 765).

Here, defendant made a profit on, and benefitted from, the transaction. Thus, even viewing the other testimony in the light most favorable to defendant, we conclude that there is no reasonable view of the evidence which would support the conclusion that defendant was acting merely as an extension or instrumentality of the buyer (*see People v Ortiz*, 76 NY2d at 449). At best, he was an intermediary and, thus, the agency defense was not implicated (*see People v Magee*, 263 AD2d at 765).

Likewise, in order to establish entitlement to an entrapment defense, defendant must demonstrate that the evidence adduced at trial reasonably and sufficiently supports an inference that "(1) he was actively induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a 'substantial risk' that the offense would be committed by defendant who was not otherwise disposed to commit it" (*People v Brown*, 82 NY2d 869, 871 [1993], quoting Penal Law § 40.05). No reasonable view of the evidence presented here supports entitlement to the defense for the charge of criminal possession of a controlled substance in the fourth degree.* Defendant was admittedly a cocaine addict and regularly possessed cocaine and, therefore, was otherwise disposed to commit the offense. Accordingly, County Court did not err in refusing to give the charge (*see People v Butts*, 72 NY2d 746, 751 [1988]).

Defendant failed to preserve for review any objection to the reading of his grand jury testimony into evidence at his trial (*see* CPL 470.05 [2]). Defendant also failed to demonstrate how he was prejudiced by the damaged *Rosario* material in light of the testimony that there was nothing recorded on the audiotape in question. Therefore, County Court was not required to fashion a sanction (*see People v Wallace*, 76 NY2d 953, 954 [1990]; *People v Brockway*, 277 AD2d 482, 485-486 [2000]).

We have examined the other issues raised by defendant and conclude that they are meritless.

---

* A person is guilty of criminal possession of a controlled substance in the fourth degree when he or she knowingly and unlawfully possesses a drug of a certain quantity as outlined in Penal Law § 220.09.

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.