■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BROWN, Appellant. [864 NYS2d 616]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 31, 2006. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [2]), defendant contends that County Court erred in refusing to suppress his statements to the police on the ground that he was falsely informed that he would be charged with rape in the first degree. We reject that contention. The victim had accused defendant of forcibly raping her and, indeed, the

charge of rape in the first degree was presented to the grand jury. In any event, even assuming, arguendo, that the police knew that defendant was unlikely to be charged with rape in the first degree, we cannot conclude "that the deception induced defendant to make a false confession, nor was it so fundamentally unfair as to deny defendant his right to due process" (*People v Burke,* 20 AD3d 932, 933 [2005], *lv denied* 5 NY3d 826 [2005]; *see People v Tarsia,* 50 NY2d 1, 11 [1980]; *People v Jordan,* 193 AD2d 890, 892 [1993], *lv denied* 82 NY2d 756 [1993]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.