Rumsey, J.
 

 Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered July 17, 2014, upon a verdict convicting defendant of the crimes of strangulation in the second degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree.
 

 Defendant and the female victim first met as participants in a drug rehabilitation program more than one year prior to July 6, 2013, when the victim invited defendant to her apartment and requested that he bring cocaine. After defendant arrived at approximately 9:00 p.m., they took cocaine, drank beer, smoked marihuana and had consensual sex at least twice. After defendant left, the victim contacted the police to report that she had been raped; she acknowledged that she had participated in the use of drugs and alcohol and in incidents of consensual sex, but reported that she later “came to” in her bed with defendant on top of her, holding her down by her neck with his left hand and striking her in the face with his open right hand while raping her.
 

 Defendant was detained for custodial interrogation approximately three weeks after the incident. After he was given Miranda warnings, he gave verbal and written statements largely consistent with the victim’s allegations, except for his assertion that all sexual conduct was consensual. In August 2013, defendant was charged in a six-count indictment with rape in the first degree, criminal sexual act in the first degree, strangulation in the second degree, strangulation in the second degree as a sexually motivated felony, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. Defendant moved to suppress the statement that he made to the police, and, following a hearing, County Court determined that defendant’s statement was voluntary and denied the motion. After a jury trial, defendant was convicted of strangulation in the second degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree and acquitted of the remaining charges. He was sentenced as a nonviolent predicate offender to concurrent prison terms of six years, with five years of postrelease supervision, on his conviction for strangulation in the second degree and three years, with three years of postrelease supervision, on each of the other two convictions. Defendant now appeals.
 

 Initially, we reject defendant’s arguments that the statement he provided to law enforcement officers should have been suppressed because he was not clearly informed of his Miranda rights and that his waiver of those rights was not voluntary because he was threatened with arrest if he exercised his right to remain silent. “The People bore the burden of proving the voluntariness of defendant’s statements beyond a reasonable doubt, including that any custodial interrogation was preceded by the administration and defendant’s knowing waiver of his Miranda rights” (People v Byrd, 152 AD3d 984, 985 [2017] [internal quotation marks and citations omitted]). Properly administered Miranda rights can be rendered inadequate and ineffective when they are contradicted by statements suggesting that there is a price for asserting the rights to remain silent or to counsel, such as foregoing “a valuable opportunity to speak with an assistant district attorney, to have [the] case[ ] investigated or to assert alibi defenses” (People v Dunbar, 24 NY3d 304, 316 [2014], certs denied 575 US —, —, 135 S Ct 2051, 2052 [2015]; see People v Cornelius, 137 AD3d 663, 665-666 [2016], lv denied 27 NY3d 1149 [2016]). However, requests that a person in custody tell his or her side of the story or statements that he or she will be released after doing so do not so contradict the Miranda warnings as to render them ineffective (see People v Silvagnoli, 151 AD3d 443, 444 [2017]; People v Neal, 133 AD3d 920, 922 [2015], lv denied 26 NY3d 1110 [2016]; People v Jemes, 132 AD3d 1361, 1362 [2015], lv denied 26 NY3d 1110 [2016]; cf. People v Alfonso, 142 AD3d 1180, 1181 [2016], lv denied 29 NY3d 946 [2017]).
 

 A video recording of the interview of defendant conducted by Edward Watson, a police lieutenant, established that defendant received full and effective Miranda warnings. The video depicts defendant asking, before he was given the Miranda warnings, whether he would be released after the investigation and Watson confirming that he would be released “as long as everything jives.” It also shows Watson reading defendant his Miranda rights and stating, “If I don’t talk to you, and you don’t explain things to me, then I’m forced to arrest you on the [victim’s] complaint.” Defendant then executed a written acknowledgment of the Miranda warnings and ultimately provided verbal and written statements.
 

 The video evidence similarly established that defendant made a knowing and voluntary waiver of his rights when he provided the statement to Watson. The voluntariness of a statement made after Miranda warnings are given must be determined by considering the totality of the circumstances under which it was obtained (see People v Neal, 133 AD3d at 922). Watson’s offer of release was conditional and the threat of arrest did not render defendant’s statement involuntary, inasmuch as the victim’s statement provided a sufficient basis for an arrest (see People v Silvagnoli, 151 AD3d at 444; People v Neal, 133 AD3d at 923; People v Brown, 55 AD3d 1370, 1370-1371 [2008], lv denied 11 NY3d 895 [2008]). In view of the foregoing, we find that County Court correctly determined that the People established beyond a reasonable doubt that defendant was given Miranda warnings that he knowingly waived when he voluntarily gave his statement.
 

 Defendant’s claim that County Court erred in admitting an image of a text message that the victim sent to defendant is not preserved for our review because defendant did not object to its admission into evidence (see CPL 470.05 [2]; People v Chappelle, 126 AD3d 1127, 1128 [2015], lv denied 25 NY3d 1161 [2015]; People v Shuaib, 111 AD3d 1055, 1058 [2013], lv denied 24 NY3d 1046 [2014]). Similarly, and as conceded by defendant, his claim that County Court erred in failing to instruct the jury on an agency defense also was not preserved for our review, inasmuch as defendant did not request that such a charge be given (see e.g. People v Stephens, 31 AD3d 890, 891-892 [2006], lv denied 7 NY3d 870 [2006]; People v Thomas, 227 AD2d 196, 196 [1996], lv denied 88 NY2d 943 [1996]).
 

 Defendant bases his claim that he did not receive the effective assistance of counsel solely on counsel’s failure to request an agency instruction. “An agency defense must be submitted to the jury if any reasonable view of the evidence, considered in the light most favorable to the defendant, supports the conclusion that the defendant, in selling narcotics, was acting solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer” (People v Hunt, 50 AD3d 1246, 1247 [2008] [internal quotation marks and citations omitted], lv denied 11 NY3d 789 [2008]). However, there is no basis for giving an instruction regarding an agency defense where “there was no evidence, however slight, to support the inference that [the] defendant was acting, in effect, as an extension of the buyer” (People v Wright, 139 AD3d 1094, 1100 [2016] [internal quotation marks, brackets and citation omitted], lvs denied 28 NY3d 939 [2016], 29 NY3d 1089 [2017]; see People v Hunt, 50 AD3d at 1248). In his voluntary statement, defendant admitted that the victim paid him $60 for the cocaine that he brought to her apartment and shared with her and, further, that he possessed the cocaine prior to the time that the victim invited him to her apartment and requested that he bring cocaine. In light of defendant’s admissions that he possessed and sold cocaine, trial counsel cannot be faulted for failing to request an agency defense instruction (see People v Williams, 21 NY3d 932, 934 [2013]; People v Wright, 139 AD3d at 1100; People v Hunt, 50 AD3d at 1248). Moreover, our review of the record establishes that defendant received meaningful representation from trial counsel, who made appropriate pretrial motions, conducted thorough cross-examination of witnesses and successfully impeached the victim’s testimony, resulting in defendant being acquitted of three violent felonies (see People v Thompkins, 133 AD3d 899, 901 [2015]; People v Chappelle, 126 AD3d at 1129; People v Sieber, 26 AD3d 535, 536 [2006], lv denied 6 NY3d 853 [2006]).
 

 Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.
 

 Ordered that the judgment is affirmed.