People v Matthews (2024 NY Slip Op 03352)

People v Matthews

2024 NY Slip Op 03352

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

111792
[*1]The People of the State of New York, Respondent,
v
Tramel Matthews, Also Known as Shaw, Appellant.

Calendar Date:May 24, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Timothy S. Brennan, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered April 11, 2019, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to a prison term of seven years followed by three years of postrelease supervision on the controlled substance conviction and a lesser concurrent prison term for the conspiracy conviction, to be served concurrently with a previously imposed sentence. Defendant appeals.
While defendant's challenge to the voluntariness of his plea survives even a valid waiver of the right to appeal, his contention is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion despite having an opportunity to do so (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Patterson, 224 AD3d 994, 995 [3d Dept 2024], lv denied 41 NY3d 985 [2024]; People v Ryals, 224 AD3d 938, 938 [3d Dept 2024]). Further, we are unpersuaded by defendant's contention that the narrow exception to the preservation rule is applicable. Although at an earlier plea proceeding defendant denied certain conduct with respect to the conspiracy charge, County Court declined to continue with the plea proceeding and adjourned the matter. At a court appearance two months later, defendant informed the court that, after having sufficient time to confer with counsel, he wished to accept the terms of a new negotiated plea agreement and proceeded to unequivocally plead guilty to criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree. A review of that plea colloquy reflects that defendant made no statements that negated any elements of the crimes or called into question the voluntariness of the plea so as to implicate the narrow exception to the preservation rule (see People v Head, 225 AD3d 1004, 1005 [3d Dept 2024]; People v Hudson, 130 AD3d 1320, 1320 [3d Dept 2015]; People v Bethea, 19 AD3d 813, 814 [3d Dept 2005]).
As for defendant's contention that the sentence was cruel and unusual under the Eighth and Fourteenth Amendments, this argument is not preserved for our review given that he did not raise it before County Court (see People v Pena, 28 NY3d 727, 730 [2017]; People v Garcia-Reinaldo, 223 AD3d 971, 971 [3d Dept 2024], lv denied 41 NY3d 965 [2024]; People v Lyons, 200 AD3d 1222, 1226 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]; People v McMillan, 185 AD3d 1208, 1213 [3d Dept 2020], lv denied 35 NY3d 1114 [2020]).
Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.