Wachtler, J.
On December 27, 1972 two men—one armed with a knife and the other with a gun—entered a Bronx bar. They took money from the cash register and from the three occupants: the bartender, Patrick Kennedy, and two patrons, Anthony Vitale and Peter Vandenberg. During the course of the robbery Vitale was shot and killed. In February, 1973 the defendant and Theodore Haywood were arrested and charged with murder, robbery and possession of a weapon.
The defendant and Haywood were jointly tried before a jury in December of 1975. At the trial Kennedy and Vandenberg identified the defendants as the two men who had held up the bar three years previously. They identified Haywood as the man with the gun and Lindsay as the man who had held the knife. There was also evidence that fingerprints belonging to Haywood were found at the scene on certain bottles which the witnesses said had been handled by the man with the gun.
On cross-examination by Lindsay’s attorney, Kennedy stated that approximately six months after the robbery a Black man had come into the bar and showed him a picture. Kennedy was not asked at that time whether he had identified the picture. However during Lindsay’s case defense counsel called Linwood Lewis, a private investigator, who stated that he had obtained the picture of a man who had died in early 1973 and *12 that he had shown the picture to Kennedy twice during the summer of 1973 and that on both occasions Kennedy identified it as a picture of the man who had held the knife during the robbery.
On rebuttal, and over objection, the prosecutor recalled Kennedy and Vandenberg to the stand. Kennedy admitted that Lewis had produced a photograph for his inspection but he claimed that he absolutely refused to identify it. Both Kennedy and Vandenberg also testified that after the robbery they had made a composite sketch of Lindsay with the assistance of a police artist, and later, during February of 1973, they identified both Lindsay and Haywood from a photographic lineup. The photographic lineup and the composite sketch were then introduced into evidence as part of the People’s case.
The question on this appeal by the People is whether the court erred in permitting the rebuttal evidence. The prosecutor of course was entitled to recall Kennedy to have him disclaim Lewis’ testimony by stating that he had not in fact identified the photograph which Lewis had displayed to him. It is settled however that a witness may not testify regarding a photographic identification of the defendant, nor may he refer to a composite sketch (see, e.g., People v Griffin, 29 NY2d 91; People v Caserta, 19 NY2d 18). It may be said that the defendant invited this response when he called Lewis to show that Kennedy had identified another man from a photograph six months after the crime. Under these unusual circumstances it might have been proper to permit Kennedy to testify that he had previously assisted in making a composite sketch and then picked the defendant out of a photographic lineup within two months of the incident. There was however no basis for permitting Vandenberg to testify that he, Vandenberg, had also done so in view of the fact that Vandenberg’s credibility had not been attacked in this manner. Thus, even under the limited exception urged by the People, it would have been error to permit Vandenberg to testify as he did on rebuttal.
Actually the record shows that the overriding purpose and effect of the rebuttal evidence was broader than is now suggested and was in fact used to resolve a dilemma which the People themselves had created. Although the defendants were taken into custody within two months of the incident, the People had never held a corporeal lineup. They chose instead *13 to show the witnesses a photographic array, and then at the trial expressly used it to fill the gap when it was noted that three years had elapsed between the robbery and the witnesses’ identification of the defendants.
The People could have overcome this difficulty by taking the time or the risk of holding a corporeal lineup during the nearly three years the defendants were waiting trial (CPL 60.30). Indeed the defendants were in custody when the photographic identification was made. Perhaps the photographic array was more convenient than a full corporeal lineup, but, as noted, it is settled that the convenience of the People cannot outweigh the prejudice to the defendant inherent in such proof (People v Caserta, supra).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order affirmed.