■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN GLADDEN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered January 27, 1983, convicting him of attempted robbery in the second degree under indictment No. 2351/81 and attempted robbery in the first degree under S.C.I. No. 379/83, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denials, in part, after hearings (Naro, J., and Clabby, J.), of those branches of the defendant's omnibus motions which were to suppress certain identification testimony.

Ordered that the judgments are affirmed.

The defendant was indicted under indictment 2351/81 for a robbery that had occurred August 29, 1981. Justice Naro held that the defendant was arrested without probable cause and that the showup following this unlawful arrest must be suppressed. However, he also held that the victim had an independent source for making an in-court identification. These rulings were correct *(see, United States v Crews,* 445 US 463; *People v White,* 117 AD2d 127, *lv denied* 68 NY2d 818).

The defendant was also indicted under indictment 2468/81 for two robberies that had occurred on July 22, 1981, and August 27, 1981, respectively. Following a *Wade* hearing, Justice Clabby held that the identification procedure was not suggestive and further that each of the victims had an independent source for making an in-court identification. These rulings were also correct. It was error to indicate that the victims would be permitted to testify as to their identifications of the defendant from photographs *(see, People v Lindsay,* 42 NY2d 9; *People v Caserta,* 19 NY2d 18). However, this erroneous prospective evidentiary ruling did not affect the defendant's entry of a plea of guilty to robbery in the second degree under indictment No. 2351/81 to cover indictment No. 2468/81.

The defendant pleaded guilty to the reduced charge of attempted robbery in the second degree for the robbery of August 29, 1981, to cover all charges in indictments Nos. 2468/81 and 2351/81. Under the circumstances, the plea allocution was sufficient *(People v Clairborne,* 29 NY2d 950). Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.