■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SANDERS, Appellant. [638 NYS2d 171] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered June 22, 1994, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the trial court has broad discretion in determining the extent to which a prosecutor may cross-examine a defendant with respect to prior crimes (see, People v Sandoval, 34 NY2d 371; People v Pierre, 209 AD2d 729). Contrary to the defendant's contention, the County Court's Sandoval ruling did not constitute an improvident exercise of its discretion.

"Normally, a witness may not testify concerning a previous identification of a defendant from photographs (see, People v Caserta, 19 NY2d 18). However, such testimony is permitted when the defendant opens the door to this line of inquiry (see, People v Bolden, 58 NY2d 741)" (People v Grate, 122 AD2d 853, 854). Here, during voir dire the defense counsel told the jury that the defendant was misidentified, and during cross-examination defense counsel asked one of the People's witnesses about a photograph of the defendant that was shown to two investigators. Therefore, the defendant opened the door to

the testimony of the two investigators that they had previously identified the defendant in a photograph.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, Thompson and Joy, JJ., concur.