■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BAXTER, Appellant. [648 NYS2d 433] —Judgment, Supreme

Court, New York County (Shirley Levittan, J.), rendered December 20, 1988, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's challenges to the court's instructions are unpreserved, no objections thereto having been made at trial (*see*, *People v Jackson*, 76 NY2d 908), and we decline to reach them in the interest of justice. In any event, if we were to review, we would find that the trial court's charge on the issues of identification and alibi was well-reasoned, even-handed, mentioned the parties' witnesses only as they related to the two issues, and thus did not constitute unfair marshalling of the evidence. The court was not required to explain all the contentions of the parties or outline all the inconsistencies in the evidence (*see*, *People v Saunders*, 64 NY2d 665). Concerning the court's supplemental *Allen*-type charge in response to a jury note asking what would happen in the event of a deadlock, we would find that it merely encouraged the jurors to keep trying to deliberate, did not single out any juror or group of jurors but was addressed to the entire panel, did not even suggest deliberations would be indefinite or that the jurors would be sequestered, contained no prejudicial innuendos in addressing the jurors as "reasonable" and "intelligent" people, did not shift the burden of proof to defendant, and was therefore noncoercive and otherwise proper (*see*, *People v Ford*, 78 NY2d 878; *People v Pagan*, 45 NY2d 725; *cf.*, *People v Rodriguez*, 141 AD2d 382, 385-386; *People v King*, 136 AD2d 475). We would also note that any implication of coercion is negated by the fact that the jury deliberated for a full day following the supplemental charge and sent out several notes requesting readbacks (*see*, *People v Diaz*, 197 AD2d 379, *lv denied* 82 NY2d 893). Concur—Milonas, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.