■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND MYERS, Appellant. [697 NYS2d 178] —Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered December 19, 1997, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Pursuant to a joint investigation between the City of Ithaca Police Department and the State Police, defendant's residence in the City of Ithaca, Tompkins County, was searched on January 24, 1997 during which a nine-millimeter handgun and magazine containing seven rounds of ammunition were located inside a backpack in a second floor bedroom. Investigators also found several identification documents on a nightstand in this bedroom, including defendant's Social Security card, a County benefit card and phone cards. In a written statement to police, defendant denied that the gun was his and claimed that it belonged to an invited guest in his home. In this statement he admitted, however, that the gun had been present in his home

for "a couple of weeks" prior to the search and further admitted that he personally placed it in the backpack, which in turn was placed in the second floor bedroom, in an effort "to get rid of it".

Defendant, who had previously been convicted of a crime, was indicted for, *inter alia*, criminal possession of a weapon in the third degree pursuant to Penal Law § 265.01 (1) and § 265.02 (1). A jury rejected the defense theory of the case, namely, that defendant was in temporary and lawful possession of the handgun (*see, People v Williams,* 50 NY2d 1043, 1045), and convicted him on the charge. Defendant appeals, contending that County Court erred in its charge to the jury on temporary and lawful possession of a weapon. With two minor exceptions, the charge mirrored that suggested in the Criminal Jury Instructions with respect to this defense (*see,* 1 CJI[NY] 9.65, at 537A-537B).

The following language suggested in the Criminal Jury Instructions was omitted by County Court as an additional factor to be considered by the jury—"whether, after obtaining possession, the defendant engaged in any act or conduct evidencing an intent to use same unlawfully against another" (1 CJI[NY] 9.65, at 537B). Defendant claims that the absence of such language rendered the charge unduly restrictive. We disagree.

While "factual proof of intent to use will generally serve to *defeat* the defense of 'innocent possession' " (1 CJI[NY] 9.65, at 537 [emphasis supplied]), the converse cannot logically be stated. In other words, while defendant may not have done anything unlawful per se with the gun once it came into his possession, the lack of such conduct does not in and of itself establish the defense of temporary and lawful possession. Thus, it was not error for County Court to omit such language from its charge. To this end, we note that "[t]he essence of the illegal conduct defined in [Penal Law §§ 265.01 and 265.02] is the act of possessing a weapon unlawfully * * * [and o]nce the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime" (*People v Almodovar,* 62 NY2d 126, 130). Upon our review of the factual proof presented to the jury, as well as County Court's charge on temporary and lawful possession, we are satisfied that the charge, when read as a whole, was not unduly restrictive (*cf., People v Whitehead,* 123 AD2d 895) and adequately imparted the correct rule to be applied by the jury in reaching a verdict (*see, e.g., People v Macana,* 84 NY2d 173, 180).

As a final matter, the evidence, viewed in a light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413), is legally sufficient to disprove defendant's defense of temporary and lawful possession of a weapon. Moreover, upon the exercise of our own factual review power, we are also satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *see also*, CPL 470.15 [5]). The record supports the jury's determination that defendant did not have a legal excuse for having the weapon in his "possession" for two weeks, hardly a temporary time period. Notably, possession does not require actual ownership of the gun; rather, possession means to have physical possession or otherwise exercise dominion and control over it (*see*, Penal Law § 10.00 [8]). To this end, more than one person may possess an object simultaneously, so long as "each individual exercises dominion and control over the object or the area in which the object is located" (*People v Smith*, 215 AD2d 940, 941, *lv denied* 86 NY2d 802; *see, People v Torres*, 68 NY2d 677, 678-679). Here, the gun was discovered in a room of defendant's residence which also contained defendant's identification documents. More importantly, defendant knew the gun was present in his home, did not make any attempts to turn it over to police and was solely responsible for concealing it in a backpack and then placing same in the location where it was ultimately discovered by police.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.