■ The People of the State of New York, Respondent, v Richard Board, Appellant. [702 NYS2d 201] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 1, 1998 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Defendant's conviction arises from a July 1997 burglary of a ground level apartment located in a four-unit building in the City of Albany. At the time of the incident, the occupant of the apartment was returning home and as she approached the building, she heard sounds emanating from an open but barred window of her apartment. She then summoned her boyfriend, who was waiting in his automobile, for assistance. Immediately thereafter, both individuals heard the chiming of bells which hung on her door, confirming their fear that someone was in the apartment. Upon opening the front door of the building, the occupant's boyfriend encountered defendant standing in the vestibule. He asked defendant why he was in the building and defendant responded that he was a resident of the building. When the occupant disputed this contention, defendant stated that he was visiting a friend in the building. During this confrontation defendant had a bag slung over his shoulder which contained what appeared to be electronic equipment. When queried by the occupant's boyfriend as to the contents of the bag, defendant insisted that it was none of his business. Defendant then punched the boyfriend in the face and fled down the street. When the occupant entered her apartment, the door was broken and her VCR was missing.

A description of defendant was provided to the police and the occupant and her boyfriend were taken to the police station for questioning. From a photo array, the boyfriend identified defendant as the person whom he encountered at the building and defendant was later arrested and indicted. Prior to trial,

Supreme Court held suppression hearings regarding the photographic identification of defendant and defendant's confession, after which such evidence was held to be admissible at trial. At the conclusion of a jury trial, defendant was found guilty of burglary in the second degree and petit larceny, and sentenced to a definite term of imprisonment of 11 years and 8 months for his burglary conviction and 360 days for the petit larceny conviction.

Defendant appeals, initially contending that he was denied a fair trial due to the witness's testimony regarding his out-of-court photographic identification of defendant. Except under limited circumstances, out-of-court photographic identification is generally not admissible at trial (*see*, *People v Lindsay*, 42 NY2d 9, 12; *cf.*, *People v Chambers*, 254 AD2d 212, *lv denied* 92 NY2d 1048). Although the People acknowledge that a witness may not testify to a prior out-of-court photographic identification, they argue that it was not reversible error in this case.

Upon being questioned by the prosecutor, the occupant's boyfriend stated that he had viewed trays of photographs at the police station. Defense counsel's objection to this inquiry was sustained by Supreme Court. Later in his testimony, the witness made a positive in-court identification of defendant. Under these circumstances, we conclude that such testimony was not of such a prejudicial nature that defendant was denied a fair trial, especially in light of the fact that defendant's counsel referred to the existence of a photographic array in his opening statement (*cf.*, *People v Straker*, 247 AD2d 266; *People v Hinton*, 140 AD2d 712, *lv denied* 72 NY2d 957).

Next, defendant's assertion that the evidence was not legally sufficient to support a conviction is without merit. As is relevant here, a "person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully in a building with the intent to commit a crime therein, and when * * * [t]he building is a dwelling" (Penal Law § 140.25 [2]). Here, the occupant heard noises coming from her apartment and then heard a door close and bells ringing on her door. Immediately thereafter, defendant was observed standing in the vestibule of the building, holding a bag which appeared to contain an electronic component. Defendant lied about being a resident of the four-unit building and when confronted, changed his explanation to claim that he was visiting a friend. He then assaulted the occupant's boyfriend and fled. When viewing the evidence in a light most favorable to the prosecution, we find that the evidence was sufficient to support a valid

line of reasoning which could lead a rational person to find that defendant was guilty of every element of burglary in the second degree (*see, People v Trimm*, 252 AD2d 673, *lv denied* 92 NY2d 931; *People v Logan*, 243 AD2d 920, *lv denied* 91 NY2d 876). Furthermore, were we to consider the evidence in a neutral light and weigh all of the inferences (*see, People v Thompson*, 267 AD2d 602), the verdict would not be found to be against the weight of the evidence (*see, People v Brown*, 227 AD2d 691, *lv denied* 88 NY2d 980; *People v Arduini*, 222 AD2d 965, *lv denied* 87 NY2d 1016).

Lastly, Supreme Court's *Allen* charge was not coercive or unbalanced as alleged by defendant. After approximately 11 hours of deliberations, the jury indicated to the court that it was deadlocked. The court responded by instructing the jury to keep an open mind and to continue deliberations. The jury was further told that it would most likely not be sequestered. Contrary to defendant's argument, the record reveals that Supreme Court's remarks, when read as a whole, were proper (*see, e.g., People v Alvarez*, 86 NY2d 761; *People v Price*, 188 AD2d 681, *lv denied* 81 NY2d 891). Also, there is no basis to support the contention that the court's statement was coercive or prejudicial to defendant (*see, People v Davis*, 259 AD2d 627, *lv denied* 93 NY2d 923; *People v Canty*, 237 AD2d 905, *lv denied* 90 NY2d 856; *People v Coleman*, 235 AD2d 928, *lv denied* 89 NY2d 1033; *People v Baxter*, 232 AD2d 196, *lv denied* 89 NY2d 939).

We have considered and found defendant's remaining contentions to be lacking in merit.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.