(October 28, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. WILLIAMS, Appellant. [784 NYS2d 185]—

---

Crew III, J.P. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered August 21, 1998, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts), burglary in the third degree, grand larceny in the fourth degree, petit larceny (two counts), criminal possession of stolen property in the fifth degree and resisting arrest.

In August 1997, defendant began periodically visiting a former teacher, Raymond Briggs Sr., at a farmhouse belonging to Briggs' son in the Town of Carlisle, Schoharie County. In September 1997, Briggs began to notice items of personalty missing from the farmhouse. In October 1997, Briggs observed defendant walking up his driveway and later leaving on a bicycle that had been kept in an adjoining woodshed.

Following an investigation by the State Police, defendant was indicted and charged with the crimes of burglary in the second degree (two counts), burglary in the third degree, grand larceny in the fourth degree, petit larceny (two counts), criminal possession of stolen property in the fifth degree and resisting arrest. Following a jury trial, defendant was convicted as charged and thereafter sentenced to concurrent terms of imprisonment, the longest of which was $3\frac{1}{2}$ to 7 years. Defendant now appeals.

Initially, we reject defendant's contention that the jury verdict was against the weight of the evidence. While it is true that a number of the charges, in particular those involving burglary, are based upon circumstantial evidence, our review of the evidence, giving due deference to the jury's resolution of credibility issues, satisfies us that the verdict was not contrary to the weight of such evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).

Defendant next contends that the People committed reversible error when they improperly bolstered the testimony of two of their witnesses. Again, we disagree. There can be no doubt that it is impermissible for the prosecution to present testimony regarding a pretrial out-of-court photographic identification of defendant (see People v Mosley, 296 AD2d 595, 596 [2002]). However, where, as here, a witness's identification testimony is

unequivocal and well grounded, such error is deemed harmless (*see People v Smith*, 266 AD2d 639, 641 [1999], *lv denied* 94 NY2d 907 [2000]). Furthermore, inasmuch as defendant admitted that he had tried to sell the stolen gun to the two witnesses in question, identification was not at issue and evidence of the pretrial photographic identification was superfluous.

Defendant further contends that he was denied the right to participate in his defense by reason of the fact that he was not present at sidebar conferences (*see People v Antommarchi*, 80 NY2d 247 [1992]). While there can be no doubt that a defendant has a statutory right to be personally present at all material stages of a trial, including sidebar conferences (*see People v Velasquez*, 1 NY3d 44, 47 [2003]), it is equally clear that a presumption of regularity attaches to judicial proceedings and the burden is upon defendant to overcome such presumption by substantial evidence (*see id.* at 48). Initially, we note that the record reveals that County Court, at the outset of trial, inquired as to whether defendant wished to be present at sidebar conferences and was advised that he did. Thereafter, the record reveals that there were a number of sidebar conferences, but in no case was it revealed whether defendant was present. In view of the presumption of regularity and the lack of record evidence of defendant's absence from these conferences, we conclude that defendant has failed to meet his burden. In this regard, we decline to speculate that the stenographer's failure to note defendant's presence at a sidebar conference is indicative of his absence (*see id.*). We have considered defendant's remaining contentions and find them equally unavailing.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.