■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN RIVERA, Appellant. [818 NYS2d 852]—

Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 2, 2004, upon a verdict convicting defendant of the crime of burglary in the second degree.

One afternoon in November 2003, the victim was convalescing at home when she heard, and ultimately scared away, an intruder. This person had gained access into the house by breaking the glass on a back door. The victim's next-door neighbor was working outside at the time of the incident and saw the intruder exit her home and drive away in a vehicle. Within hours of the crime, this neighbor identified defendant as that person from a pretrial photographic array. Indicted on burglary in the second degree and found guilty as charged following a jury trial, defendant was sentenced as a second felony offender to 15 years in prison and five years of postrelease supervision. He appeals, and we now affirm.

Defendant argues that the neighbor's testimony identifying him as the person leaving the victim's home that day was improperly bolstered when the People were permitted to elicit testimony from the neighbor concerning the pretrial photographic array. To be sure, the People are prohibited from presenting testimony on their direct case regarding a pretrial photographic identification of a defendant (*see e.g. People v Lindsay*, 42 NY2d 9, 12 [1977]; *People v Williams*, 11 AD3d 810, 811-812 [2004], *lv denied* 4 NY3d 769 [2005]; *People v Mosley*, 296 AD2d 595, 596 [2002]). Here, however, defense counsel referred to the array during his opening statement and then failed to object when the People, outside the presence of the jury, first sought permission to introduce it on the ground that the door had been opened (*compare People v Board*, 268 AD2d 795 [2000]). Under these circumstances, we consider the issue unpreserved for review (*see* CPL 470.05; *People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]). In any event, since the neighbor's identification of defendant was "unequivocal and well grounded," any error was harmless (*People v Williams, supra* at 812; *see People v Board, supra*).

Similarly, while defendant argues that he was deprived of a fair trial by certain comments made by the People during their summation, he never objected to any comment and thus this issue is also unpreserved for review (*see* CPL 470.05; *People v*

*Studstill*, 27 AD3d 833, 835 [2006]; *People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]). In any event, the comments were a fair response to defense counsel's summation (*see id.*).

Finally, County Court did not abuse its discretion in barring evidence that defendant's dying brother claimed that he committed this burglary since this admission did not meet the fourfold requirements for admission under *People v Shortridge* (65 NY2d 309, 312-315 [1985]) and its precedential underpinnings. Nor do we find any reason to disturb the sentence imposed, particularly given defendant's lengthy criminal history which includes theft-related convictions (*see e.g. People v Martinez, supra*; *People v Torra*, 309 AD2d 1074, 1076 [2003], *lv denied* 1 NY3d 581 [2003]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.