# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

485

KA 10-02438

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

BENJAMIN A. ADDISON, II, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 27, 2010. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal mischief in the third degree (Penal Law § 145.05 [2]) and resisting arrest (§ 205.30). The evidence at trial established that defendant shoveled substantial amounts of snow and large chunks of ice onto a neighbor's vehicle, causing a crack in the windshield that cost more than $250 to repair. Although defendant does not dispute on appeal that he engaged in such conduct, he contends that the evidence is legally insufficient to establish that he intended to cause damage to the vehicle, which is a necessary element of criminal mischief in the third degree. We reject that contention. "A defendant may be presumed to intend the natural and probable consequences of his actions" (*People v Mahoney*, 6 AD3d 1104, 1104, *lv denied* 3 NY3d 660). Here, we conclude that a damaged windshield is a natural and probable consequence of heaving large chunks of ice onto a motor vehicle. Viewing the evidence in light of the elements of the crime of criminal mischief in the third degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict with respect to that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial based on improper comments made by the prosecutor during voir dire that allegedly trivialized the case and

blamed defendant for exercising his right to a jury trial (*see generally People v Williams*, 8 NY3d 854, 855). In any event, County Court dismissed the prospective jurors in the initial jury panel who had not already been sworn, thereby alleviating any prejudice to defendant based on the comments made to those prospective jurors. Contrary to defendant's further contention, the court did not err in failing to discharge sua sponte the three sworn jurors who had been selected from that initial panel of allegedly tainted prospective jurors. "[Q]uestions concerning prospective jurors' knowledge or attitudes relating to a particular law are irrelevant to their functions as triers of factual issues and, therefore, have no bearing on their qualifications as jurors . . . [and where, as here, t]he prospective jurors were asked by the court whether, given the nature of the case, they could render a fair and impartial verdict" those who responded that they were able to do so could properly serve (*People v Corbett*, 68 AD2d 772, 778-779, *affd* 52 NY2d 714).

Finally, we reject defendant's contention that the failure of defense counsel to request that the three sworn jurors in question be disqualified constituted ineffective assistance of counsel requiring reversal. Defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712; *see People v Dickeson*, 84 AD3d 1743).

Entered:  April 27, 2012                          Frances E. Cafarell
                                                  Clerk of the Court