■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD H. HAMMOND, Appellant. [967 NYS2d 214]—

McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 17, 2011, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

After a jury trial, defendant was convicted of sexual abuse in the first degree and sentenced to four years in prison, followed by 10 years of postrelease supervision. He now argues that the cumulative effect of three purported errors by his attorney deprived him of the effective assistance of counsel. We disagree and affirm the judgment of conviction.

To establish that he did not receive the effective assistance of counsel, defendant bears the burden of showing that counsel failed to provide meaningful representation and that there is an " 'absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *accord People v McRobbie*, 97 AD3d 970, 972 [2012], *lv denied* 20 NY3d 934 [2012]). Here, two of the alleged errors—counsel's waiver of a *Huntley* hearing in return for the early receipt of trial *Rosario* material, as well as his decision not to request an intoxication charge as it was inconsistent with the defense presented at trial—both constituted legitimate strategic choices under the circumstances. Defendant's additional claim—that counsel's failure to object to certain testimony gave rise to inferential hearsay and violated his right of confrontation—is not supported by the record. On the contrary, the record discloses that counsel provided meaningful representation by, among other things, presenting cogent opening and closing statements, making appropriate motions before and during trial, thoroughly cross-examining the People's witnesses and presenting a reasonable defense theory (*see People v Wiltshire*, 96 AD3d 1227, 1228-1229 [2012]; *People v Buchanan*, 95 AD3d 1433, 1436-1437 [2012]).

Rose, J.P., Stein and Spain, JJ., concur. Ordered that the judgment is affirmed.