McCarthy, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 5, 2012, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.
Based on telephone calls he received from a confidential informant (hereinafter Cl), a detective and several members of his task force staked out a building on Henry Street in the City of Kingston, Ulster County. Shortly after noon, the detective observed defendant enter the building, followed a short time later by the CL The Cl exited the building moments later and walked away. Defendant left the building about 15 minutes later and walked about a block to O’Neil Street, where he went around behind a building and was attempting to climb the fire escape when police officers approached him. Defendant put his hands up, as instructed. The detective then grasped defendant’s hands, at which time defendant said, “It’s in my front pocket, I carry it for protection.” A pat down revealed a .357 Magnum handgun, loaded with three hollow-point bullets, in the front pocket of defendant’s hooded sweatshirt.
Defendant was charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. At trial, defendant raised the defense of temporary and lawful possession of the weapon, testifying that the gun was left behind by the Cl, defendant took possession of it only for the purpose of returning it to him and, if unable to return it, he would have turned it in to a gun buy-back program. County Court duly instructed the jury on the defense of temporary lawful possession, explaining that the People were required to prove beyond a reasonable doubt that defendant’s possession was not innocent. Nonetheless, defendant was convicted as charged and sentenced to concurrent prison terms of 10 years plus five years of postrelease supervision, and seven years plus five years of postrelease supervision, respectively.
On this appeal, defendant contends that the verdict is not supported by legally sufficient evidence because the People failed to meet their burden of proving that his possession of the gun was not innocent. We disagree. While there are some circumstances wherein “a person may possess an unlicensed or proscribed weapon and still not be guilty of a crime because of the innocent nature of the possession” (People v Almodovar, 62 NY2d 126, 130 [1984]; see People v Williams, 50 NY2d 1043, 1045 [1980]; People v Curry, 85 AD3d 1209, 1211 [2011], lv denied 17 NY3d 815 [2011]), here, the detective’s testimony *1192 that defendant stated, “It’s in my front pocket, I carry it for protection,” tends to establish that the weapon belonged to defendant and that he possessed it for longer than the several minutes he claimed. Additionally, defendant himself testified that he did not attempt to contact the police or turn the gun over to authorities, notwithstanding that he carried the gun past several open businesses from which he could have made a telephone call. This evidence is sufficient to refute defendant’s claim of innocent possession and to satisfy the People’s burden of disproving the defense of temporary lawful possession beyond a reasonable doubt (see People v Dawson, 110 AD3d 1350, 1353 [2013]; People v Curry, 85 AD3d at 1211).*
Defendant’s claim that he was deprived of the effective assistance of counsel is without merit. Evaluating such a claim requires consideration of whether “the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation” (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Carnevale, 101 AD3d 1375, 1378 [2012]). Here, the record reveals that counsel mounted a vigorous defense, making cogent opening and closing statements, ably cross-examining the People’s key witnesses, and presenting a color-able—albeit ultimately unsuccessful—theory of temporary and lawful possession. Regarding defendant’s specific complaints, counsel’s decision to seek a missing witness charge rather than call the Cl as a witness was a matter of trial strategy (see People v Gonzalez, 68 NY2d 424, 427-430 [1986]). As to counsel’s decision not to seek suppression of the weapon, we note that at the time when pretrial motions were made, defense counsel could have reasonably expected the Cl to testify at the suppression hearing, as he did before the grand jury, which would have presumably demonstrated the basis for stopping defendant. Furthermore, given that counsel’s theory of the case focused on defendant’s innocent possession of the weapon rather than on denying possession entirely, defendant has failed to “ ‘demonstrate the absence of strategic or other legitimate explanations’ ” for counsel’s course of action (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Hammond, 107 AD3d 1156, 1156 [2013]; People v Jackson, 67 AD3d 1067, 1068-1069 [2009], lv denied 14 *1193 NY3d 801 [2010]). Finally, defendant’s own testimony established that, although he denied saying that he carried the weapon for protection, he volunteered his statement and it was not procured through police questioning. In short, defendant received meaningful representation (see People v Hammond, 107 AD3d at 1156; People v Bjork, 105 AD3d 1258, 1263 [2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US —, 134 S Ct 1306 [2014]).
Peters, EJ., Lahtinen and Garry, JJ., concur.
Ordered that the judgment is affirmed.

 The trial evidence having been found sufficient to support the conviction, defendant’s pro se argument that County Court erred in denying his motion to dismiss the indictment based upon insufficient evidence before the grand jury is not reviewable on appeal (see CPL 210.30 [6]).