# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**312**
**KA 13-01685**
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ROBERT C. LEWIS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C.
Bradstreet, J.), rendered June 3, 2013. The judgment convicted
defendant, upon a jury verdict, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of rape in the first degree (Penal Law § 130.35
[2]). We reject defendant's contention that his right to be present
during questioning of prospective jurors at sidebar conferences
regarding bias, hostility, or predisposition was violated (*see
generally People v Antommarchi*, 80 NY2d 247, 250, *rearg denied* 81 NY2d
759). It is well settled that a defendant's attorney may waive that
right, which is what occurred here (*see generally People v Velasquez*,
1 NY3d 44, 47-48). Contrary to defendant's contention, a court need
not engage in any "*pro forma* inquisition in each case on the
off-chance that a defendant who is adequately represented by counsel .
. . may nevertheless not know what he is doing" (*People v Francis*, 38
NY2d 150, 154). Defendant failed to preserve for our review his
contention that he was deprived of a fair trial based on improper
comments made by the prosecutor during voir dire (*see generally People
v Addison*, 94 AD3d 1539, 1540, *lv denied* 19 NY3d 994), and we decline
to exercise our power to review that contention as a matter of
discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that County Court erred in
refusing to suppress his statements to the police. Defendant's
reliance on evidence introduced at trial in support of his contention
is misplaced. It is well settled that "evidence subsequently admitted
[at] trial cannot be used to support [or undermine] the determination
of the suppression court denying [a] motion to suppress [an] oral

confession; the propriety of the denial must be judged on the evidence before the suppression court" (*People v Gonzalez*, 55 NY2d 720, 721-722, *rearg denied* 55 NY2d 1038, *cert denied* 456 US 1010; *see People v Carmona*, 82 NY2d 603, 610 n 2).  Defendant's further contention that the evidence is legally insufficient to establish his guilt is unpreserved for our review (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678) and, in any event, it lacks merit. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury based on the evidence at trial, i.e., that defendant had sexual intercourse with the victim, who was incapable of consent by reason of being physically helpless (*see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "Issues with respect to 'the credibility of prosecution witnesses concerning the voluntariness of the confession were for the jury to decide, and there is no basis in the record to disturb the jury's resolution of those issues' " (*People v Warney*, 299 AD2d 956, 957, *lv denied* 99 NY2d 633).

We reject defendant's further contention that the court failed to comply with the procedures in CPL 310.30 with respect to a jury note (*see People v O'Rama*, 78 NY2d 270, 277-278).  The note at issue did not contain a substantive inquiry and necessitated only the ministerial actions of sending certain exhibits into the jury room and thus did not implicate the procedures outlined in *O'Rama* (*see People v Damiano*, 87 NY2d 477, 487).  Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during summation because he failed to object to any of the alleged improprieties (*see People v Lane*, 106 AD3d 1478, 1480, *lv denied* 21 NY3d 1043; *People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967).  Although we conclude that defendant was not deprived of a fair trial by the prosecutor's comments, we take this opportunity to emphasize that a prosecutor serves as an officer of the court and a representative of the People of the State (*see generally People v Schaaff*, 71 AD2d 630, 631).  Here, the prosecutor engaged in inappropriate rhetoric which, although not warranting reversal, was inconsistent with the standards of conduct expected of prosecutors and all members of the bar.  We thus admonish the prosecutor to refrain from using similar inflammatory rhetoric in future proceedings.

We reject defendant's contention that he was denied effective assistance of counsel.  With respect to the alleged instances of prosecutorial misconduct, inasmuch as they were not so egregious as to deprive defendant of a fair trial, defense counsel's failure to object thereto did not deprive defendant of effective assistance of counsel (*see People v Koonce*, 111 AD3d 1277, 1279).  Inasmuch as we have concluded that the evidence is legally sufficient to support the conviction, it cannot be said that defense counsel's failure to renew the motion for a trial order of dismissal constitutes ineffective

assistance of counsel (*see People v Washington*, 60 AD3d 1454, 1454, *lv denied* 12 NY3d 922; *see generally People v Baldi*, 54 NY2d 137, 147). Nor was counsel ineffective because defendant did not testify at the *Huntley* hearing.  The decision whether to testify belongs to the defendant (*see generally People v Ferguson*, 67 NY2d 383, 390). Defendant's remaining claims of ineffective assistance of counsel lack merit.

Defendant's contention that the amount of restitution ordered by the court is not supported by the record "is not properly before this Court for review because [he] did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order[ ] during the sentencing proceeding" (*People v Butler*, 70 AD3d 1509, 1510, *lv denied* 14 NY3d 886 [internal quotation marks omitted]).  In any event, that contention is without merit.

Finally, the sentence is not unduly harsh or severe.

Entered:  June 10, 2016                      Frances E. Cafarell
                                             Clerk of the Court