*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                     106592
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                     MEMORANDUM AND ORDER

EVAN R. LaDUKE,
                        Appellant.
_____


Calendar Date:  April 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                        _____


        Richard V. Manning, Parishville, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Timothy G.
Blatchely of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered January 21, 2014, upon a verdict
convicting defendant of the crimes of criminal possession of a
weapon in the second degree and criminal possession of a weapon
in the fourth degree.

        Jacob LaDuke, defendant's brother, was arrested for gun-
related crimes in the early morning hours of March 14, 2013.
Later that morning, police staked out the apartment where
defendant and LaDuke resided.  After defendant carried a black
duffel bag from the apartment and placed it in his vehicle, he
was apprehended.  As relevant to defendant's charges, a search
revealed that the duffel bag contained a loaded Glock 17 pistol
and his vehicle contained a set of metal knuckles.  During his

ensuing police interview, defendant maintained that the pistol belonged to LaDuke and that, upon learning that LaDuke had been arrested, he attempted to bring the pistol to the police station and surrender it. Following a jury trial, defendant was convicted of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree. Defendant appeals.

We affirm. Initially, we disagree with defendant that his conviction for criminal possession of a weapon in the second degree was against the weight of the evidence. As relevant to the challenged conviction, a person is guilty of criminal possession of a weapon in the second degree when "such person possesses any loaded firearm" outside of his or her home or place of business (Penal Law § 265.03 [3]; see Penal Law § 265.00 [3] [a]; People v Oliver, 135 AD3d 1188, 1190 [2016], lv denied 27 NY3d 1003 [2016]). "In some circumstances, however, despite possessing a proscribed weapon, a person may not be guilty due to 'the innocent nature of the possession'" (People v Curry, 85 AD3d 1209, 1211 [2011], lv denied 17 NY3d 815 [2011], quoting People v Almodovar, 62 NY2d 126, 130 [1984]), and the affirmative defense of "[t]emporary and lawful possession may be established where there is 'a legal excuse for having the weapon'" (People v Curry, 85 AD3d at 1211, quoting People v Williams, 50 NY2d 1043, 1045 [1980]; see People v Alls, 117 AD3d 1190, 1191-1192 [2014]). Defendant does not take issue with the proof presented to show that the pistol was loaded and operable which, in any case, is amply supported by the record. Defendant rather contends that there is a lack of credible evidence to establish that his possession of the pistol was not temporary and innocent.

A different verdict would not have been unreasonable given defendant's trial testimony and, thus, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Novick, 126 AD3d 1134, 1134 [2015] [internal quotation marks and citations omitted], lv denied 25 NY3d 1075 [2015]; accord People v Fournier, 137 AD3d 1318, 1319 [2016]). Dean Shedd testified that, in early March 2013, he sold a Glock 17 pistol to defendant in Vermont. Shedd testified that defendant identified himself as Sam Connors during their

interactions and an envelope addressed to Sam Connors was found in defendant's vehicle.  Also on March 3, 2013, defendant's vehicle made a round trip to Vermont and phone records established that Shedd corresponded with defendant's phone via text messages.  With respect to the event precipitating LaDuke's arrest, Nicholas Mackiewicz testified that, on March 14, 2013, LaDuke and defendant threatened him while brandishing weapons.  LaDuke was pulled over on Oak Street, near Mackiewicz's residence, and arrested.  Although defendant was not arrested until later that day, police stopped defendant's vehicle on the same street around the time of LaDuke's arrest.  At trial, LaDuke corroborated parts of Mackiewicz's account and testified that defendant owned the pistol.  Although LaDuke's mother testified to his untruthfulness and both LaDuke and Mackiewicz admitted that they were under the influence of drugs during the events to which they testified, granting deference to the jury's credibility determinations, the jury's verdict convicting defendant of criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Alls, 117 AD3d at 1192; People v Curry, 85 AD3d at 1211; People v Vargas, 60 AD3d 1236, 1238-1239 [2009], lv denied 13 NY3d 750 [2009]; People v Myers, 265 AD2d 598, 600 [1999]).

We are unpersuaded by defendant's further contention that he was deprived of a fair trial based on County Court's alleged errors.  Initially we find unpreserved defendant's assertion that the court violated the general rule governing the admissibility of scientific evidence formulated in Frye v United States (293 F 1013 [1923]) by allowing evidence obtained from a license plate reader without a showing of general acceptance in the scientific community, inasmuch as he failed to object to the evidence on this ground (see CPL 470.05 [2]; People v Gallup, 302 AD2d 681, 684 [2003], lv denied 100 NY2d 594 [2003]).  In any event, as the investigator made the actual matches by analyzing a photograph of defendant's license plate, there was no Frye violation (see People v Burnell, 89 AD3d 1118, 1121-1122 [2011], lv denied 18 NY3d 922 [2012]).

Nor did County Court err in handling two jury notes.  CPL 310.30 "'imposes two separate duties on the court following a substantive juror inquiry: the duty to notify counsel and the

duty to respond'" (People v Alcide, 21 NY3d 687, 691-692 [2013], quoting People v O'Rama, 78 NY2d 270, 276 [1991]).  However, where, as here, "defense counsel had notice of the contents of the note and the court's [intended] response, and failed to object at that time," there is no mode of proceedings error and the claim is unpreserved for our review (People v Ramirez, 15 NY3d 824, 826 [2010]; see People v Alcide, 21 NY3d at 694).  That said, in the first note, the jury listed five specific requests for the readback of testimony and the record confirms that the court reporter proceeded with the readback at the court's direction and without objection (see CPL 310.30; People v Kahley, 105 AD3d 1322, 1323-1325 [2013]).  As to the second note, the court properly reread the instructions on criminal possession of a weapon in the second degree, including the instruction on temporary lawful possession, in response to the jury's request for clarification — again without objection.  Although the record does not expressly indicate whether defendant was present when the court notified counsel and responded to the jury's requests, the absence of a notation that defendant was present is insufficient to establish his absence (see People v Pittman, 109 AD3d 1080, 1082 [2013], lv denied 22 NY3d 1043 [2013]).  Finally, we find no mode of proceedings error when the court did not admonish the jury with the exact language of CPL 270.40 before a recess in deliberations, because the court's admonishments, throughout the trial, adequately conveyed to the jury its function (see People v Williams, 46 AD3d 585, 585-586 [2007], lv denied 10 NY3d 772 [2008]).

We also find that defendant received the effective assistance of counsel.  During jury selection, County Court stated that "[t]he grand jury is a group of citizens very similar to you that . . . made a decision as to whether there is a probability that this defendant committed the acts charged." Defense counsel did not err in failing to object, because, when considered as a whole, together with the court's instruction immediately thereafter that the jury could not "consider the fact that [defendant has] been indicted as any evidence of guilt" and that the indictment "has no bearing on whether [defendant is] guilty or not," the instruction was not likely to confuse the jury as to its role and the proper burden of proof at trial (see CPL 70.10 [2]; 190.65 [1]; People v Fields, 87 NY2d 821, 823

[1995]).  Likewise, although it was improper for the prosecutor to question prospective jurors about their attitudes towards the laws of New York pertaining to pistol permits (see People v Boulware, 29 NY2d 135, 141 [1971], cert denied 405 US 995 [1972]; People v Addison, 94 AD3d 1539, 1540 [2012], lv denied 19 NY3d 994 [2012]), defendant has failed to show the absence of a strategic reason for counsel's failure to object, and the comments were not so prejudicial as to support a finding of ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Albanese, 38 AD3d 1015, 1019 [2007], lv denied 8 NY3d 981 [2007]).

Further, although defense counsel failed to object to the People's improper bolstering of Shedd's testimony identifying defendant as the buyer of the pistol, such failure did not constitute the ineffective assistance of counsel.  It is well settled that "testimony regarding pretrial out-of-court photographic identification . . . constitutes improper bolstering of trial testimony and is prohibited, except where defendant opens the door" (People v Allah, 57 AD3d 1115, 1118 [2008], lv denied 12 NY3d 780 [2009]; see People v Lindsay, 42 NY2d 9, 12 [1977]; People v Rivera, 31 AD3d 1060, 1061 [2006], lv denied 7 NY3d 869 [2006]).  Here, defense counsel opened the door during his opening statement by describing defendant and LaDuke as "basically mirror images of each other."  Therefore, it was proper for the People to submit evidence that Shedd identified defendant in a photo array and that, when given a separate photo array containing LaDuke's picture, he did not recognize any photographs (see People v Allah, 57 AD3d at 1118; People v Heckstall, 45 AD3d 907, 909 [2007], lv denied 10 NY3d 766 [2008]; People v Rivera, 31 AD3d at 1061; People v Sanders, 224 AD2d 556, 556-557 [1996], lv denied 88 NY2d 941 [1996]).  Also, as defense counsel referred to the photo arrays in his closing argument, we cannot say that there was no strategic or legitimate reason for opening the door (see People v Benevento, 91 NY2d at 712-713; People v Allah, 57 AD3d at 1118).

However, although the door had been opened to evidence that Shedd did not confuse defendant with LaDuke, it was improper bolstering for the People to submit the testimony of three witnesses describing Shedd's photo array identification.  While

it was proper for the People to lay a foundation regarding the photo array evidence through the testimony of two police officers (see People v Ennis, 41 AD3d 271, 274 [2007], affd 11 NY3d 403 [2008], cert denied 556 US 1240 [2009]), it was improper bolstering to confirm Shedd's identification of defendant with their testimony (see People v McCullen, 63 AD3d 1708, 1709 [2009], lv denied 13 NY3d 747 [2009]).  However, given Shedd's unequivocal identification of defendant and the overwhelming evidence establishing that defendant's possession of the pistol was neither temporary or innocent, any error was harmless (see People v Allah, 57 AD3d at 1118; People v Rivera, 31 AD3d at 1061).

Defendant was not denied the effective assistance of counsel when defense counsel failed to move for a trial order of dismissal on the ground that there was legally sufficient evidence to support his convictions (see People v Caban, 5 NY3d 143, 154-155 [2005]; People v Tolliver, 93 AD3d 1150, 1151 [2012], lv denied 19 NY3d 968 [2012]).  We also find that defendant failed to demonstrate the lack of strategic explanation for defense counsel's decision not to publish to the jury a video of defendant's police interview or in not objecting to a jury charge regarding the voluntariness of defendant's statement, especially given the numerous inconsistencies and contradictions made by defendant during the interview (see People v Benevento, 91 NY2d at 712-713; People v Wheeler, 124 AD3d 1136, 1138-1139 [2015], lv denied 25 NY3d 993 [2015]).  Further, to the extent that defense counsel should have objected to the submission of certain evidence or to certain comments during the prosecutor's opening and closing statements, we find that, viewing the record as a whole, defense counsel "pursued a consistent, cogent theory of defense" and otherwise provided defendant with the effective assistance of counsel (People v Clarke, 110 AD3d 1341, 1346 [2013], lv denied 22 NY3d 1197 [2014]; see People v Lapi, 105 AD3d 1084, 1086-1088 [2013], lv denied 21 NY3d 1043 [2013]).  Defendant's remaining contentions have been examined and found to be without merit.

McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court