Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered January 26, 2016. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and endangering the welfare of a child.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). The conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, when the evidence is viewed in light of the elements of the crimes as charged to the jury, the verdict is not against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Contrary to defendant’s contention, his “statement of his [date of birth] given to a police officer who elicited pedigree information” constitutes legally sufficient evidence that defendant was over 21 years old when he engaged in sexual intercourse with the 16-year-old victim (People v White, 149 AD2d 939, 939 [4th Dept 1989], lv denied 74 NY2d 821 [1989]; see generally People v Perryman, 178 AD2d 916, 917 [4th Dept 1991], lv denied 79 NY2d 1005 [1992]). Contrary to defendant’s further contention, the victim’s functionally interchangeable descriptions of the length of her sexual encounter with defendant are not internally inconsistent, and they do not persuade us that the verdict is against the weight of the evidence.
 

 Defendant received effective assistance of counsel (see generally People v Clark, 28 NY3d 556, 562-563 [2016]). The alleged improprieties in the prosecutor’s summation were not so egregious that counsel was ineffective by failing to object (see People v Koonce, 111 AD3d 1277, 1278-1279 [4th Dept 2013]). Moreover, “although it was improper for the prosecutor to question prospective jurors about their attitudes towards the laws of New York pertaining to [statutory rape], defendant has failed to show the absence of a strategic reason for counsel’s failure to object [so] . . . as to support a finding of ineffective assistance of counsel” (People v LaDuke, 140 AD3d 1467, 1470 [3d Dept 2016] [citations omitted]).
 

 Defendant’s remaining contentions are unpreserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, we note that the certificate of conviction contains several errors regarding the sentences imposed, and it must be amended to reflect the correct sentences of 120 days of incarceration and 10 years of probation on count one, and three years of probation on count two (see generally People v Kemp, 112 AD3d 1376, 1377 [4th Dept 2013]).
 

 Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.