People v Smith (2019 NY Slip Op 05016)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Smith

2019 NY Slip Op 05016

Decided on June 20, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2019

108784

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vFREDERICK SMITH, Also Known as FREDDY P, Appellant.

Calendar Date: May 3, 2019
Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


Theodore J. Stein, Woodstock, for appellant, and appellant pro se.
D. Holley Carnright, District Attorney, Kingston (Paul DerOhannesian of counsel), for respondent.

MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 4, 2016, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
During the early morning hours of January 25, 2014, shots were fired in the parking lot of a nightclub located in the Town of Lloyd, Ulster County. Responding police were informed that the individuals involved in the shooting had left the scene in a red vehicle; after a brief chase, the police stopped the vehicle. Defendant, who was seated in the rear of the vehicle, was observed throwing a handgun out of the vehicle and was arrested and subsequently indicted for criminal possession of a weapon in the second degree and criminal possession of a firearm. The charge of criminal possession of a firearm was thereafter dismissed and, following a jury trial on the remaining count, defendant was convicted of criminal possession of a weapon in the second degree. He was thereafter sentenced, as a second violent felony offender, to a prison term of 15 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence inasmuch as the People failed to prove that he intended to use the subject handgun unlawfully against another and his possession thereof was otherwise temporary and innocent. Initially, we find defendant's legal sufficiency argument to be without merit. Contrary to defendant's contention, he was convicted of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3), which, as relevant here, does not require the People to prove that he intended to use the weapon unlawfully against a another (compare Penal Law § 265.03 [1]) and, instead, requires proof that defendant possessed "any loaded firearm" and that such possession occurred outside of his or her home or place of business (Penal Law § 265.03 [3]; see People v McCoy, 169 AD3d 1260, 1261 [2019], lv denied ___ NY3d ___ [May 15, 2019]; People v Linares, 167 AD3d 1067, 1068 [2018], lv denied 33 NY3d [*2]950 [2019]). To that end, a defendant's possession of the firearm may be actual or constructive (see Penal Law § 10.00 [8]; People v Rawlinson, 170 AD3d 1425, 1426 [2019]). Although the unlicensed possession of a gun may not always constitute criminal conduct based upon "the innocent nature of the possession" and the People have the burden to prove, beyond a reasonable doubt, that defendant knowingly possessed the weapon and that such possession was not innocent (People v Almodovar, 62 NY2d 126, 130 [1984]; see People v Holes, 118 AD3d 1466, 1467 [2014]), "there must be proof in the record showing a legal excuse for [the defendant] having the weapon in his [or her] possession" (People v Williams, 50 NY2d 1043, 1045 [1980]; see People v Banks, 76 NY2d 799, 801 [1990]; People v LaDuke, 140 AD3d 1467, 1468 [2016]; People v Alls, 117 AD3d 1190, 1191-1192 [2014]).
The evidence at trial established that, at approximately 4:00 a.m. on January 25, 2014, as patrons were exiting the nightclub, a shootout ensued in the nightclub parking lot, causing patrons to chaotically flee the scene. A security guard observed one of the shooters get into the "driver's side back seat of a red color, maroon colored four-door car," which then fled the scene just ahead of the arriving police. The security guard pointed out the red car to the police, who then gave chase. After the vehicle had stopped, a police sergeant attempted to remove defendant from the right rear side of the car, but defendant pulled back inside and then threw a handgun out onto the pavement. In the meantime, the driver pulled out another handgun and was shot by other officers. The vehicle then rolled away, coming to a stop when it hit an embankment. Defendant then exited the rear passenger seat and ran away, but was apprehended by other officers shortly thereafter.
The gun that defendant threw out of the vehicle, a Kurz .380 semiautomatic handgun, was recovered and found to contain two rounds, one in the chamber and one in the magazine. A police investigator test-fired it and determined it to be operable, and the gun was swabbed for DNA; defendant's DNA was found on multiple locations on the gun. Although a different verdict would not have been unreasonable, when viewing the evidence in a neutral light and according appropriate deference to the jury's factual findings and credibility determinations, we find that the People adduced evidence establishing that defendant possessed the gun in question outside of his home or business and defendant's conduct, both before and after throwing the gun on the ground, was "utterly at odds with any claim of innocent possession," such that the verdict is not against the weight of the evidence (People v Williams, 50 NY2d at 1045; see People v LaDuke, 140 AD3d at 1468; People v Dawson, 110 AD3d 1350, 1353 [2013], lv denied 23 NY3d 1035 [2014]; People v Curry, 85 AD3d 1209, 1211 [2011], lv denied 17 NY3d 815 [2011]).
We reject defendant's contention that County Court's Molineux ruling denied him a fair trial. "[E]vidence of uncharged crimes or prior bad acts may be admitted where they fall within the recognized Molineux exceptions — motive, intent, absence of mistake, common plan or scheme and identity — or where such proof is inextricably interwoven with the charged crimes, provides necessary background or completes a witness's narrative and, further, the trial court determines that the probative value of such evidence outweighs [its] prejudicial effect" (People v Ward, 141 AD3d 853, 860 [2016] [internal quotation marks and citations omitted]; see People v Strauss, 155 AD3d 1317, 1321 [2017], lv denied 31 NY3d 1122 [2018]). Although County Court's initial Molineux ruling precluded the introduction of evidence regarding the fact that a victim had been shot at the nightclub prior to defendant's subsequent stop and arrest, defendant effectively opened the door to such testimony based upon his questioning of an undercover officer's conduct at the nightclub while that shooting was unfolding and his subsequent questioning of a state trooper with respect to his purported lack of probable cause to apprehend defendant after he fled the vehicle (see People v Smith, 157 AD3d 978, 980 [2018], lvs denied 31 NY3d 1087 [2018]; People v DeCarr, 130 AD3d 1365, 1367 [2015], lv denied 26 NY3d 1008 [2015]).
Finally, defendant failed to preserve for appellate review his contention that he was denied his constitutional and statutory right to a fair trial following County Court's substitution of an alternate juror for a sworn juror after deliberations had commenced (see People v Smith, 136 [*3]AD3d 532, 533 [2016], lv denied 27 NY3d 1075 [2016]; People v Ballard, 51 AD3d 1034, 1035 [2008], lv denied 11 NY3d 734 [2008]; People v Copeland, 10 AD3d 588, 588-589 [2004], lvs denied 4 NY3d 743, 747 [2004]; compare People v Garbutt, 42 AD3d 665, 667 [2007]). In any event, were this issue preserved, we would find it to be without merit, as defendant consented to the substitution of the alternate juror and executed a signed writing to that effect, in open court, with the assistance of counsel, in the presence of the court (see NY Const, art I, § 2; CPL 270.35 [1]; People v Ortiz, 92 NY2d 955, 957 [1998]; People v Smith, 136 AD3d at 533; compare People v Page, 88 NY2d 1, 8-9 [1996]; People v Ryan, 19 NY2d 100, 104-105 [1966]), and he is bound by the guilty verdict subsequently rendered by the jury [FN1]. Defendant's related contention that County Court violated his right to be present during the in camera questioning of the sworn juror is also unpreserved for review (see People v Rios, 185 AD2d 1002, 1004 [1992], lv denied 81 NY2d 846 [1993]; see also People v Mullen, 44 NY2d 1, 5-6 [1978]; People v Oakes, 57 AD3d 1425, 1426 [2008], lv denied 12 NY3d 786 [2009]). Defendant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Garry, P.J., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.
Footnotes

Footnote 1: "Regardless of how unwise defendant now thinks that decision may have been, it was his to make and he must accept the decision he knowingly, voluntarily and intelligently made along with the consequences of his intentional actions and choices" (People v Gajadhar, 9 NY3d 438, 448 [2007] [internal quotation marks and citation omitted]).